## HAVEN & BUCK *v.* BALDWIN.

Where a petition claims a sum certain as due from the defendant, a judgment for a sum greater than that named in the petition, is erroneous.

Under the general prayer for judgment, in the form of a petition, furnished by section 2518 of the Code, a party cannot recover interest beyond that which may accrue upon the claim made, after the commencement of the suit, unless the amount claimed as due from the defendant is sufficient to cover the interest accrued prior to the commencement of the suit.

Under section 1659 of the Code, a plaintiff is not confined to the proceeding by *scire facias*, to revive a judgment, but may bring an action to recover the amount due on the judgment, as upon any other demand

Where a petition claimed of the defendant one hundred and sixty-one dollars and fifty-two cents, on a judgment rendered in favor of plaintiffs against the defendant, in the district court of Wappello county, on the 11th day of February, 1850, for one hundred and fifty-eight dollars and thirty-three cents, and three dollars and ten cents costs, and asked judgment for the amount claimed, with interest and costs; and where the defendant appeared, and moved to dismiss the cause, for the reason that the court had no jurisdiction of the cause, which motion was overruled; and where, the cause being submitted to the court, judgment was rendered for plaintiffs, for two hundred and twenty-seven dollars and forty-six cents; *Held,* That the judgment was erroneous.

*Appeal from the Pottawatamie District Court.*

MONDAY, JANUARY 25, 1858.

The petition in this case, claims of defendant the sum of

one hundred and sixty-one dollars and fifty-two cents. The cause of the claim, as set out, is a certain judgment rendered in favor of plaintiffs and against the defendant, in the district court of Wappello county in this state, on the 11th day of February, 1850, for one hundred and fifty-eight dollars and thirty-three cents, and three dollars and nineteen cents costs. Plaintiff concludes his petition by averring, that an action has accrued to him to demand and have from the said defendant, the said sums, amounting to one hundred and sixty-one dollars and fifty-two cents, and asking judgment for that amount, with interest and costs. An affidavit accompanied this pleading, which states the rendition of the judgment in Wappello county, as stated in the petition; that it has not been satisfied; and that there is still due thereon, the sum of one hundred and sixty-one dollars and fifty-two cents. Defendant appeared, and moved to dismiss the cause, for the reason that the district court had no jurisdiction of the cause. This motion was overruled. Beyond this, there does not appear to have been any pleading on the part of defendant, and the cause being submitted to the court, judgment was rendered in favor of plaintiffs, for the sum of two hundred and twenty-seven dollars and forty-six cents, from which defendant appeals. This proceeding was commenced March 20, 1857, and judgment rendered May 22, of the same year.

*Clinton & Baldwin*, for the appellant.

*Cassady & Crocker*, for the appellee.

WRIGHT, C. J.—That this judgment is for an amount greater than that to which plaintiffs are entitled, as claimed in their petition, we entertain no doubt. The amount claimed is one hundred and sixty-one dollars and fifty-two cents, while the judgment is for two hundred and twenty-seven dollars and forty-six cents. In addition to this, the affidavit states that there is still due thereon, the amount claimed in the petition. The defendant had a right to sup-

pose from these pleadings, that this was the amount of the plaintiffs' demand, and for this amount, he may have been willing that plaintiff should take judgment. But he certainly had no reason to suppose, that plaintiffs could recover some sixtysix dollars more than his claim; and it was error for the court, under the circumstances, to so find.

It is insisted, however, that plaintiffs, by their petition, ask judgment for one hundred and sixty-one dollars and fifty-two cents, with interest and costs, and under the claim for interest, it was their right to have judgment for the original judgment, with the interest which had accrued thereon from the time of its rendition. That they would have the right so to recover, under a petition properly framed, is quite clear. But we do not understand this petition to make any such claim; but, on the contrary, that the claim for interest, is for what may accrue from the time of commencing this proceeding to the time of rendering judgment. And this view is placed beyond all controversy, by the affidavit annexed to the petition, which states, that there is due on the judgment, the amount claimed in said petition, and not that the judgment and the interest accruing thereon, is still due and unpaid. In this respect, the petition follows substantially the form given in the Code, (section 2518), and under the general prayer for judgment contained in that form, we do not understand that a party can recover interest beyond that which may accrue upon the claim made, after the commencement of his suit. A party may, it is true, so present his claim as to recover the previous interest. For instance: if he sues upon a promissory note, or upon a judgment, he may claim the amount of the note or judgment, (stating the amount for which the note was given or the judgment rendered,) and the interest that may appear to be due thereon. In such cases, there would be no difficulty in allowing him the interest claimed. In this case, however, the fair construction of the plaintiffs' pleading is, that they ask interest upon the amount of their demand, from the time of the commencement of their suit in Pot-

tawatamie county, which was March 20, 1857, and under which they would have a right to interest for about two months, or about the sum of one dollar and sixty cents.

Appellant also assigns for error, the action of the court below, in overruling his motion to dismiss the case. The position assumed is, that this is a proceeding by *scire facias*, and that it should have been commenced in Wappello, and not in Pottawatamie county. We are disposed to treat the proceeding, however, as an ordinary action, (under the old system of practice, an action of debt,) and that plaintiffs could sue in Pottawatamie, or any other county, where the defendant resided. The judgment was rendered more than five years before the commencement of this proceeding, and before plaintiffs could enforce its collection by execution, the law required then to sue out a *scire facias*, and procure the necessary order of the court thereon. Such a writ could only issue properly from the court in which the judgment was rendered. *Carnes* v. *Crandall*, 4 Iowa, 151. We do not understand, however, that the party is confined to the proceeding by *scire facias*, but think he may bring an action to recover the amount due, in the same manner that he may sue upon any other demand. And this view is sustained, as we conclude, by section 1659 of the Code. In this case, the petition does not ask to revive the original judgment; nor is there anything tending to show that plaintiffs seek the collection of their judgment, by praying that they may have the right to issue execution thereon. The petition is wanting in almost every requisite, to make it a proceeding by *scire facias*. The affidavit annexed, might, in view of the language of section 2177, lead us to treat the proceeding as one to revive the judgment. The prayer and object of the petition, however, so clearly negatives this conclusion, that we feel justified in regarding the affidavit as either surplusage, or if not so, at least as not changing what is otherwise the plain and manifest purpose and object of plaintiffs' action.

Judgment reversed.