Butcher v. Brand.

BUTCHER *v.* BRAND.

When the statute fixes the terms of the district court, a defendant is
bound to take notice of the time when such court sits.

It is not essential that an original notice should specify the time when
the term of the district court will commence.

A defendant upon whom an original notice is served, requiring him to
appear and answer "on or before the second day of the next term" of
the district court, has a right to assume the term next after the service,
to be the "next" term mentioned in the notice.

Where a petition commenced as follows: "Your petitioner claims of,"
&c., "one hundred and eighty dollars, which he alleges to be due him
from the defendant, and for cause of such claim," and after describing
two notes in one count, concluded as follows : "Which said promissory
notes are still the property of your petitioner, and that the amount
above claimed is still due thereon.   He therefore asks judgment for
that amount, with interest and costs;" which petition was filed Janua-
ry 5, 1857, and service had at same time ; and where the court render-
ed judgment against defendant for the sum of $187,90, at the Septem-
ber term, 1857, with interest thereon at ten per centum per annum ;
*Held*, 1. That the plaintiff could take judgment for the sum claimed,
with interest from the commencement of the action, under the clause
in the petition praying judgment for the sum claimed, with interest;
2. That the court erred in rendering judgment for ten per cent. inter-
est per annum.

Under a prayer in a petition, asking judgment for the amount claimed,
with interest, the plaintiff may take judgment for the sum claimed,
with interest on *that* sum from the commencement of the suit.   If he
would take judgment for more, he must increase his *ad damnum*.

*Appeal from the Marion District Court.*

SATURDAY, JUNE 19.

Action upon two promissory notes, one for $120, dated December 11, 1854, and the other for $60, dated January 1, 1855, and both payable to the order of the plaintiff, two years after date. The petition was filed January 5, 1857, and claimed of the defendant, one hundred and eighty dollars, which is alleged to be due to the plaintiff, and asks judgment for that amount, with interest and costs. The original notice required the defendant to appear and answer on or before the second day of the next term of the Marion district court, or that judgment would be rendered against him by default. The return on the notice shows, that it was received by the sheriff on the 5th day of January, 1857, and was served on defendant on the 2d day of January, 1857. At the September term, 1857, of the Marion district court, judgment by default was rendered against the defendant, for the sum of $187.90, with interest thereon at the rate of ten per centum per annum, and costs. The defendant appeals. The errors assigned are stated in the opinion of the court.

*Jarius E. Neal*, for the appellant.

*James Mathews*, for the appellee.

WOODWARD, J.—The first assignment of error is, that judgment was rendered by default against the defendant, when the original notice required him to appear and answer at the next term, without stating on what day the term commenced, or on what day he was to answer. The notice summons the defendant to appear and answer "on or before the second day of the next term," but is not dated. The sheriff, however, certifies upon the notice, on what day it came into his hands, and on what day it was

served. These days were January 2d and 5th, 1857. This makes the notice sufficiently certain. It has no existence to any legal effect, until it reaches the officer's hands. That is the commencement of the action, (Code, section 1663), and the defendant has a right to assume the term next after the service, to be the "next" term mentioned in the notice. The terms of court are usually fixed by statute, and where this is so, as it was in Marion county, the defendant is to take notice of them. It is not essential that the notice should define the time of the sitting, although it is the better practice. There was no error in this.

The second assignment is, to the rendering judgment against defendant by default. No ground of error is perceived in this, since the notice was served personally, and more than the time required by law, before the term.

The error thirdly alleged, is the rendering judgment in favor of plaintiff, for a larger amount than he claimed in his petition and original notice. The petition commences thus : "Your petitioner claims of, &c., one hundred and eighty dollars, which he alleges to be due him from the defendant, and for cause of such claim"—(and then sets out two notes in the one count, and concludes), "which said promissory notes are still the property of your petitioner, and that the amount above claimed is still due thereon. He therefore asks judgment for that amount, with interest and costs." Judgment is rendered for $187.90, "with interest thereon at the rate of ten per cent per annum," &c.

It has been held by this court, that this form of petition, and this manner of claiming damages, is sufficient to give the plaintiff the amount first demanded, and interest on that from the commencement of the action. Thus, in the present case, the plaintiff can recover the $180.00 first claimed, and also the interest on that sum, from the time of bringing suit till judgment, under the concluding words in the declaration, praying "judgment for that amount, with interest." But the plaintiff cannot go back, and re-

cover a balance of interest due on the notes. He should lay his *ad dammum* large enough to cover all such probable recoveries. The reasoning on the matter, is the same that it was under the former mode of pleading the *ad damnum*, but the mode of statement, or claim, is slightly changed. There is no error upon this point, since the judgment is for the $180.00 first claimed, with interest on that, at six per cent from the bringing suit to the rendition thereof. There may be a slight error, arising, probably, from computing interest, but if any, it is such as to fall within the maxim, *de minimes non curat lex.*

The error remaining, is upon rendering the judgment so as to draw interest at ten per cent. In this there is error. There is nothing to warrant it. The notes draw no interest until due, and then only the six per cent. implied by law. The judgment is reversed, and the cause remanded, with directions to the district court, to correct the judgment in accordance with this opinion.

Judgment reversed.