Lyon v. Byington.

## LYON v. BYINGTON.

1. ORIGINAL NOTICE It is not necessary to name in an original notice the State in which the cause will be tried.
2. AMOUNT OF JUDGMENT: INTEREST. When the petition in an action prays for judgment for an amount named, with interest and costs, interest will be computed on the amount claimed by the plaintiff, only from the commencement of the action.

*Appeal from Johnson District Court.*

FRIDAY, DECEMBER 9.

ACTION on a promissory note. The petition prays for judgment for the sum of seven hundred dollars "with interest and costs." The defendant made a special appearance and objected to the sufficiency of the notice, for the reason that it does not give the name of the state in which the action is commenced. The objection was overruled, and defendant answered. Trial, and judgment for plaintiff, and defendant appeals.

Lyon v. Byington.

*Le Grand Byington pro se.*

*McKay & Bradley* for the appellee.

WRIGHT. C. J.—I. The original notice was not defective in omitting the name of the State. It follows the form given in the Code, and more is not required.

II. The action was commenced prior to the October term, 1857, of the Johnson District Court, and judgment rendered in January, 1859. It is not true, therefore, that the judgment was rendered at the appearance term. Appellant, in this respect, mistakes the record. And the same may be said of the assignment, based upon the ground that the judge trying the cause was plaintiff's attorney. Judge Dillon and not Judge Miller tried the cause.

III. Appellant concedes that the judgment exceeds the amount to which plaintiff is entitled under the notice and petition, in the sum of $1.30, and this he remits. There is no error in the amount of the judgment beyond this as claimed by appellant. Plaintiff under his notice and petition was entitled to interest on the amount claimed, from the commencement of his suit. *Butcher* v. *Brand,* 6 Iowa 235; *Haven & Buck* v. *Baldwin,* 5 Ib. 503.

IV. Defendant answers that for a consideration time of payment was extended, and that under this contract the note sued on was not due when the action was commenced. He now claims that this part of his answer was not denied, and that the court therefore erred in rendering judgment for plaintiff. In this assumption the appellant is not sustained by the record. It is true that the replication is not very specific in its denial of the matter stated in the answer; but we think after judgment, and when the objection is made for the first time in this court, it is sufficient.

V. It is not assigned for error that the judgment was rendered by default, while the defendant's answer was on file. Judgment affirmed, except as to the excess remitted by appellant, plaintiff paying the costs of this court.