## GALLEY v. THE COUNTY OF TAMA.

Jurisdiction: JUSTICE OF THE PEACE.  The amount *claimed* is the criterion of jurisdiction, and a justice of the peace has no authority to render judgment for one hundred dollars with accrued interest thereon and costs.

*Appeal from Tama District Court.*

TUESDAY, OCTOBER 27.

THIS is an action by ordinary proceedings, upon seven judgments, obtained by the plaintiff against the defendant before

a justice of the peace upon warrants issued pursuant to a vote of the people in aid of a railroad, for one hundred dollars each, beside costs. The defendant by answer set up several technical defenses; a demurrer was sustained to all but one. Thereupon the defendant obtained leave and filed an equitable defense, alleging that the justice had no jurisdiction, that the judgments were obtained by fraud, that there was no service of notice, and various other matters. Upon a trial to the court on the evidence by both parties, and the legal propositions involved, judgment was rendered for defendant. The plaintiff appeals.

*Struble & Goodrich,* for appellant.

*Stivers & Safely* and *I. M. Preston,* for appellee.

COLE, J.—This case is fairly made to bristle with points of law and fact. Since this court might not be fully agreed upon all the points made, and since the point herein discussed is entirely decisive of the whole case, we content ourselves with its determination alone.

The notices issued by the justice of the peace, and on which the several judgments sued on were rendered, stated that the plaintiff therein, "claims of you one hundred dollars as justly due him, on a railroad donation warrant   *   *   *   *   * with interest and costs." These notices were dated and served May 7, 1867, and the return day was May 13, 1867, and on which last date the judgments were rendered. It has been repeatedly held by this court that such a statement of the amount claimed, entitled the plaintiff to the amount first demanded, and interest on that from the commencement of the action. *Haven & Buck v. Baldwin,* 5 Iowa, 503; *Butcher v. Brand,* 6 Iowa, 235; *Lyon v. Byington,* 10 Iowa, 124; *Anderson v. Kerr,* Ib. 233. The amount *claimed* is the criterion of jurisdiction. *Stone v. Murphy,* 2 Iowa, 37. The maximum limit of the jurisdiction of a justice of the peace, in the absence of consent, is one hundred dollars. Rev. Sec. 3850. Since, therefore, the claim sued for before the justice

was in each case, in excess of one hundred dollars, to the extent of the accruing interest, he had no jurisdiction and the judgments are nullities.

AFFIRMED.