MORAN v. MURPHY ET AL.

1. **Jurisdiction**: JUSTICE OF THE PEACE. A petition in an action before a justice of the peace, claiming one hundred dollars, confers jurisdiction upon the justice, notwithstanding the notice states that if the defendant does not appear judgment will be rendered for the whole amount, with interest and costs.

*Appeal from Delaware District Court.*

THURSDAY, JUNE 13.

THE action was brought before a justice of the peace, on

Moran v. Murphy.

an indemnifying bond. The question is as to the jurisdiction of the justice. A petition was filed, in which the amount claimed is precisely one hundred dollars. The notice also states that the plaintiff claims one hundred dollars, but it concludes with the statement that, unless the defendants appear and make defense, judgment will be rendered "for the whole amount, with interest and costs." The defendants filed a motion to dismiss, on the ground that the amount claimed was more than one hundred dollars. The motion was overruled, and judgment rendered for plaintiff. The case was taken upon a writ of error to the Circuit Court, and afterward a change was taken to the District Court, where it was held that the defendants' motion should have been sustained. Judgment for defendants. Plaintiff appeals.

*Charles Husted* and *A. S. Blair*, for appellant,

*Bronson & LeRoy* and *E. M. Carr*, for appellees.

ADAMS, J.—The Code expressly provides that the pleadings in an action before a justice of the peace may be written. Section 3530. The same section also provides that the pleadings shall be substantially the same as in the Circuit Court. The amount, then, claimed in the petition must be considered the amount in controversy; judgment could not be rendered for more. The notice showed the amount claimed in the petition. It was precisely one hundred dollars. It appeared, then, both from the petition and notice that the justice had jurisdiction. The statement in the notice that judgment would be rendered for more (if, indeed, it is susceptible of that meaning) could not enlarge the claim. The appellee relies on *Galley v. Tama County*, 40 Iowa, 49; but in that case the claim was for one hundred dollars with interest.

1. JURISDICTION: justice of the peace.

REVERSED.