GATES v. NEIMEYER ET AL.

1. **Judicial Sale:** UNDER VOID JUDGMENT: LIABILITY OF OFFICER. Where personal property is levied on under an execution issued upon a void judgment, and which is insufficient to protect the officer making the levy, a purchaser from the judgment defendant after the levy obtains a good title to the property, and may maintain an action for its value against the officer in case the latter, with notice of the claim, proceeds to subject the property to the execution without taking an indemnifying bond.

*Appeal from Cass Circuit Court.*

THURSDAY, JUNE 17.

ON the 10th day of December, 1877, one Dilla P. Kirkland commenced an action before a justice of the peace against one J. C. Morrison, claiming of him the sum of one hundred dollars, with interest thereon from January 12th, 1877. On the 18th day of December, 1877, judgment was entered in

said action against Morrison for the sum of $99.99, and costs and attorney's fees. On the 19th day of December, 1877, execution issued on this judgment, and the defendant Neimeyer, as constable, on the 31st day of December, 1877, levied said execution upon nine hundred bushels of corn, the property of said Morrison. After the levy the plaintiff bought the corn from Morrison, and on the 11th day of January, 1878, he served upon the defendant Neimeyer written notice of his ownership. On the 23d day of January, 1878, the defendant Neimeyer sold the corn in question at constable's sale, without having procured any indemnifying bond. This action is brought upon the constable's official bond, against him and his sureties, for the recovery of the damages alleged to have been sustained. There was a jury trial, and a verdict and judgment for the defendants. The plaintiff appeals.

*C. M. Failing*, for appellant.

No argument for appellees.

DAY, J.—I. The amount claimed in the action before the justice was more than one hundred dollars, and in excess of 1. JUDICIAL the justice's jurisdiction. The judgment, theresale: under fore, was a nullity. *Galley v. The County of* void judgment: liability of officer. *Tama*, 40 Iowa, 49. Upon this branch of the case the court instructed the jury as follows: "The transcript of the judgment introduced in evidence in favor of Dilla P. Kirkland and against J. C. Morrison, which purports to have been rendered by M. Wingate, justice of the peace, on the 18th day of December, A. D. 1877, shows that the same is void, because the said justice had no jurisdiction of the subject matter of the claim therein made by said Kirkland, and against the said Morrison. This being true an execution issued thereon would afford no protection to an officer who attempted to execute the process." Whether this instruction announces a correct rule of law we need not inquire. It was favorable to appellant, and neither party excepted to it. It

must be regarded, for the purposes of this case, as containing a correct enunciation of the law.

II.   The plaintiff bases his right to recover upon the fact that the justice had no jurisdiction to render the judgment, and that hence the. execution furnishes no protection to the officer.   The court instructed the jury that the plaintiff, in order to recover, must prove "that the corn at the time of the levy and sale was the property of the plaintiff."   It was evidently this instruction which caused the jury to return a verdict for the defendants, for the plaintiff admitted, in his testimony, that he purchased the corn after the levy.   This instruction, we think, is erroneous.   If the execution afforded the officer no protection, then no right was acquired as against the execution defendant by the levy.   If the officer had proceeded to sell the property, the judgment defendant might have recovered against the officer the damages sustained. Whatever rights the judgment debtor possessed he could, by sale, transfer to his vendee.   It follows that it was not necessary for the plaintiff, in order to recover, to prove that he owned the property before the levy.   For the error in this instruction the judgment is

REVERSED.