M'CORMICK HARVESTING MACHINE COMPANY, A
   CORPORATION, RESPONDENT, v. JOHN A. MARCHANT
   AND ANOTHER, APPELLANTS.

1. JUSTICE OF THE PEACE.—NEW TRIAL.—ABSENCE OF DEFENDANT.
   —SHOWING OF DUE DILIGENCE.—On appeal from a judgment
   for plaintiff in a justice court, judgment was rendered in the
   district court for plaintiff upon the verdict of a jury without
   any testimony on the part of the defendants.   Counsel for
   defendants moved for a continuance until the next day on the
   ground that he was not ready for trial on account of the
   unavoidable absence of the defendants and their witnesses,
   which the court refused to grant.   On motion for a new trial
   it appeared that the cause had been pending for seven years;
   that a few days before the day the case was set for trial, de-
   fendants' attorney consulted the attorney whose cases were
   ahead of his on the calendar and was told that the case could
   not be reached until the day after that for which it was set;
   that the attorney then told defendants to appear on that day;
   that as soon as he found that the case would not be called on
   the day for which it was set, he sent a special messenger to
   notify defendants, but that owing to a change in the time-
   card of the trains and the impassable condition of the roads,
   defendants were unable to appear in time.   Held, that it was
   error to refuse a new trial.

2. ID.—JURISDICTION.—JUDGMENT FOR INTEREST.—APPEAL TO THE
   DISTRICT COURT.—2 Comp. Laws 1888, § 3020, provides that
   every justice of the peace has jurisdiction in "an action aris-
   ing on contract for the recovery of money only if the sum
   claimed is less than $300." *Id.* §3658, provides that on an appeal
   from a justice of the peace to the district court, the cause
   must be tried *de novo.*   Plaintiff began his action before a
   justice of the peace to recover $263.32, being the amount of
   two promissory notes and interest.   The justice rendered judg-
   ment for the sum of $444.27, being the amount claimed and
   interest that had accrued while the suit was pending before
   him.   On appeal to the district court, judgment was entered
   on the verdict of a jury for $299 and costs.   *Held: First*—That

the judgment of the justice was in excess of his jurisdiction, but that it was not void, and therefore unappealable, inasmuch as the amount claimed before the justice was within his jurisdiction; *second*—That the jurisdiction of a justice in civil actions is limited to any sum less than $300; that if the amount claimed is within his jurisdiction and the interest that accrues while the suit is pending before him added to the principal amounts to $300 or more, judgment may be entered for the amount claimed and only for so much interest as when added to the principal sum will amount to less than $300 (King, J., *dissenting.*); *third*—That on an appeal from a justice to the district court, all interest that accrues after the entry of the judgment before the justice, may be recovered together with the amount claimed, although the judgment, on account of such interest exceeds the amount for which the justice could have rendered judgment, and *semble*,[1] that the district court may enter judgment not only for the largest amount within the jurisdiction of the justice, and interest and costs from the date of the entry thereof in the justice court, but may also include all interest that accrued after the filing of the suit before the justice and before the entry of judgment in the justice court, although such interest could not be included in the judgment of the justice as being in excess of his jurisdiction.

(No. 518. Decided Feb. 23, 1895. 39 P. R. 483.)

[1] [ If the proposition stated in the *semble* is the law, then the Supreme Court has, by this decision, virtually enlarged the jurisdiction of the justice of the peace in actions " on contract for the recovery of money only," so that they may render judgment for more than $299.99, and if such judgment is excessive, it is harmless error, since on appeal by the defendant to the district court, that court will enter judgment for the same amount together with interest and costs that accrued after the entry of the judgment by the justice; *e. g.* if the amount claimed before the justice at the time of filing the complaint before him is $299.99, and while the suit is pending and before judgment $100 in interest accrues on the claim, the justice may enter judgment for $299.99 and for the $100 interest, since on appeal to the district court by the defendant, the district court may enter judgment for $299.99 and also interest on that amount from the date of commencing the action before the justice.—Rep.]

APPEAL from the District Court of the Third Judicial District.   Hon. Charles S. Zane, *Judge.*

Action by McCormick Harvesting Machine Company against John A. Marchant and another.   From a judgment in a justice court for plaintiff for $444.27, defendants appeal to the district court.   Upon a trial *de novo* in the district court, there was a judgment for plaintiff on the verdict of a jury for $299 and costs, and from an order denying a new trial, defendants appeal.   *Reversed.*

*Mr. Wilson I. Snyder* and *Mr. Barlow Ferguson,* for appellants.

The judgment of the justice of the peace was in excess of his jurisdiction, but defendants' only remedy in this territory was by appeal.   *Ducheneau* v. *House,* 4 Utah, 363; *Saunders* v. *Nursery Co.,* 6 Id. 631.   The motion for a continuance is addressed to the sound discretion of the court, but that means a legal discretion within the lines and according to the rules of acknowledged principles of law.   The refusal to grant a continuance in a proper cause is error and ground for reversal.   3 Am. & Eng. Enc. Title Con. p. 818, s. 6, n. 3; *Bradbury* v. *Dougherty,* 7 Blackf. 467; *Riggs* v. *Fenton,* 3 Mo. 28.   The judicial discretion spoken of in a case like this is thus defined by the Supreme Court of California in the case of *Bailey* v. *Taffe,* 29 Cal. 423, reading from 424: "It is true, as claimed by the learned counsel for the respondents, that orders like the present, in legal parlance, rest very much in the discretion of the court below, and will not be disturbed by this court unless we are satisfied that the order is so plainly erroneous as to amount to an abuse of discretion." *Rowland* v. *Kreyenhagen,* 18 Cal. 455; *Haight* v. *Green,* 19 Cal. 113; *Mulholland* v. *Heyneman,* 19 Cal. 605; *Bar-*

*rett* v. *Graham,* 19 Cal. 632; *Woodland* v. *Backus,* 20 Cal. 137; *People* v. *O'Connell,* 23 Cal. 281.

*Mr. J. H. Hurd* and *Messrs. Rawlins & Critchlow,* for respondents.

The amount claimed was within the jurisdiction of the justice. Accumulation of interest on the claim while the suit is pending, does not deprive the justice of jurisdiction. In determining the jurisdictional amount, interest accruing after the filing of the complaint cannot be considered. Wells on Jur. of Courts, § 100, p. 95; 12 Am. & Eng. Enc. of Law, 283, and n. 1, p. 284; *Tindall* v. *Meeker,* 1 Scam. (Ill.) 137; *Mitchell* v. *Sparks,* Id. 198; *Trego* v. *Lewis,* 58 Pa. St. 463. It is a general rule that; when the court has jurisdiction of the case in its inception, no subsequent fact in that particular cause can defeat such jurisdiction. Wells' Jur. of Courts, § 79; 12 Am. & Eng. Enc. Law, 305; *Solomon* v. *Reese,* 34 Cal. 28; 1 Black on Judgments, § 243. It was not error for the court to refuse a continuance. *Musgrove* v. *Perkins,* 9 Cal. 212; *Lightner* v. *Mengel,* 36 Id. 452; Hayne on N. T. 76. The court did not err in overruling appellant's motion for a new trial. There was certainly no surprise within the legal meaning of that term as contemplated by the statute, and which ordinary prudence could not have guarded against. 2 Comp. Laws 1888, § 3400, subd. 3; *Schellhans* v. *Ball,* 29 Cal. 605; Hayne New Trial & App. § 77.

BARTCH, J.:

This action was originally brought before a justice of the peace to recover a certain sum of money due on two promissory notes. The justice rendered judgment for the amount sued for, interest, and costs, in the total sum of $444.27, in favor of the plaintiff, and from this judgment.

the defendants appealed to the district court, where judgment was rendered on the verdict of a jury against the defendants for the sum of $299, and costs taxed at $21.90. The plaintiff alleges that there is due it the sum of $263.-32, being the amount of two promissory notes, besides interest thereon, and $15 attorney's fee, and prays for judgment in the sum of $278.66. The defendants admit the making and delivery of the notes, and aver that the same were given as part purchase price for one McCormick self-binding harvesting machine furnished them by the plaintiff; and then plead failure of consideration, and breach of warranty, and claim that they were damaged because the drive wheel belonging to said machine was worthless; that the plaintiff agreed to replace it with a new one, but failed to do so; that there were no other wheels in the market, so that the defendants were unable to purchase one; that they had offered a rescission of the contract, and to return the property, and were still willing to return it; and that they had paid $100 on the machine, under the promise and expectation that the bad wheel would be made good, etc. The record shows that the notes in question were given August 20, 1883; that the complaint in the justice's court was filed November 22, 1886; that summons was issued on said last-named day; that the justice rendered judgment against the defendants for the sum of $444.27; that the case was set for trial in the district court on the 5th day of December, 1893, and on this last-named day the case was called for hearing, when counsel for the defendants moved for a continuance until the next day, on the ground that he was not ready for trial, and in support of said motion counsel made a sworn statement to the effect that on Saturday, December 2, 1893, he telephoned from his office in Park City to an attorney in Salt Lake City, who had three cases on the calendar to be tried before the one under consideration could be reached, to

ascertain the state of the calendar, and was informed that the three cases would be tried, and would take a day each; that he was afterwards informed that one of those cases was continued on account of the death of an attorney; that he relied on the information so obtained as to the state of the calendar, and directed his clients to proceed to court with their witnesses on the day their case was set for trial, so as to be ready for the next day; that he had a case of his own which he thought would take the greater part of one day, but which was settled and dismissed, so that on the day this case was set for trial the other cases had all been disposed of; that on the afternoon of the day previous, as soon as he had learned of the unexpected disposition of the preceding cases, and that his clients' case would be reached on time, he sent word to them by special messenger, and received a reply that they would start early in the morning from Peoa, in Summit county, and since had learned that they were on the way with their witnesses; that he could not proceed to trial without them; that he expected to prove a defense substantially as stated in the answer; that it was a matter of great expense to a poor man residing in said county to be in attendance at said court before trial two or three days, and therefore some leniency ought to be shown.

It appears that upon this statement the court continued the cause until 4 o'clock P. M. of said day, when a further continuance was asked until the next day,' which was denied, and thereupon the case was tried, and judgment rendered, without any testimony on the part of the defendants. Thereafter counsel for the defendants made a motion for a new trial, and in support of this motion submitted a number of additional affidavits, showing, in substance, that when counsel telephoned the attorney in Salt Lake City about the condition of the calendar the court was three days behind its settings; that some of the

witnesses proceeded to court by train, and some were compelled to go with private conveyance; that the time of running trains had been changed within a few days without the knowledge of the defendants, so that the train which, prior to the change, arrived at Salt Lake City at 11:20 A. M. did not arrive there, on the day of the trial, until 5 o'clock P. M.; that the wagon road on that day was almost impassable, so that it required double the usual time, which usual time was about seven hours, to make the trip; that, as soon as it was known that the case would be reached on the day it was set, the defendants and their witnesses exercised the utmost diligence to be present at the trial. It is also shown by the record that on the day of the trial counsel for the defendants offered to give this case the place of one of his own, set for the next day, which offer was refused. The additional affidavits having been submitted, and the motion for a new trial having been heard, the court entered an order overruling and denying the motion. From this order the defendants prosecuted their appeal.

We will first consider the question whether the court erred in refusing a continuance. It may be observed that about seven years elapsed from the time this suit was brought in the justice's court until it was finally set for a trial in the district court, and that the cause of this long delay is not disclosed by the record, but it is reasonable to presume that the plaintiff did not use proper diligence to bring the case to trial. The defendants had set up a meritorious defense, and there is nothing in the record which indicates that they caused this long delay, or that on the occasion in question they were seeking unnecessary delay. They were advised by counsel when to appear in court. He was misled by the condition of the court's calendar, and, while it was his duty to consult with the court about the matter instead of an attorney,

still it would seem that, by his sworn statement, he made a sufficient showing to grant a continuance until the next day, which was all that was asked. This, however, was within the sound discretion of the trial court, under the circumstances, as they then appeared, and, if nothing further were shown, this court would hesitate to disturb the ruling then made; but the additional affidavits which were submitted after the trial, showing the efforts of the defendants to be present in time to make their defense, present a case which merits careful consideration, and it must be weighed in the light of the circumstances surrounding it, for there is no general rule which governs a case of this character. As we regard the facts presented, it seems clear that the defendants in good faith endeavored to be present at the trial, and were innocently misled and failed to be there without such fault as should preclude them from having their day in court. We are therefore inclined to hold, under the peculiar circumstances of this case as presented by the record, and not being advised of the undercurrents which may have surrounded the contentions of the parties, that the defendants made such an affirmative showing, which is in no way controverted in the record, as fairly entitles them to a new trial.

The next question is whether the judgment rendered by the justice of the peace is in excess of his jurisdiction, and, if so, whether the district court acquired jurisdiction over the case on appeal. Under our statute, every justice of the peace has jurisdiction in "an action arising on contract for the recovery of money only, if the sum claimed is less than three hundred dollars." Comp. Laws Utah 1888, § 3020. The "sum claimed" is the test of the justice's jurisdiction in such cases, and it may be any sum less than $300. The amount, therefore, claimed in the plaintiff's complaint determines the jurisdiction of the justice, and when jurisdiction has once attached it will

not be ousted by the rendition of an erroneous judgment. As a general, though not an invariable, rule, when juris-diction of a case has been once properly and lawfully acquired, no subsequent fact in that particular case will defeat such jurisdiction; and when a justice of the peace has jurisdiction of a cause, and erroneously renders judg-ment in excess of his jurisdiction, such judgment may be corrected by proper proceeding before such justice, or, on appeal to the district court, it may render a proper judg-ment. Wells, Jur. § 79; 12 Am. & Eng. Enc. Law, pp. 283, 284, 426; 1 Black. Judgm. § 243; *Mollan* v. *Torrance,* 9 Wheat. 537. In the case at bar the justice erred in rendering judgment in excess of the amount authorized by statute. This was caused by including within said judg-ment the interest on the notes which accumulated after suit was brought. Such error did not oust the justice of jurisdiction, because the jurisdiction was determined by the amount claimed in the complaint, and the defendants had an adequate remedy by motion or appeal.

The question now is, ought the district court to have included such interest in its judgment, it having acquired jurisdiction by appeal? In other words, can a district court, in a case like the one at bar, render judgment for a sum in excess of the jurisdiction of the justice of the peace? In the district court such a cause must be tried *de novo,* the same as any other cause (Comp. Laws Utah, 1888, § 3658); and, upon principle, it is difficult to per-ceive why that court, being a court of general jurisdiction, should not do complete justice between the parties, in an action upon contract for money only, where the justice had jurisdiction when the suit was commenced before him, and rendered judgment in excess of the justice's jurisdic-tion, when such excess is for interest only which has accrued on the notes or contract subsequent to the ren-dition of the judgment by the justice. Upon what prin-

ciple of justice should a party who has obligated himself by contract for the payment of money be allowed, after judgment has been entered against him in a justice's court, to avoid the payment of interest on such obligation, for an indefinite period of time, by an appeal to the district court? If an appeal from a justice's court would produce such a result, it would defeat the very terms of the contract, as expressed between the parties. We do not so understand the law. Nor would such an interpretation be in harmony with justice and fair dealing, because it would encourage appeals and litigation on the part of dishonest debtors, who would thereby avoid the payment of interest and delay the payment of the principal. A note is given as evidence of the debt, and the interest is only an incident to it, and is justly provided for as compensation for delay in payment. Of this, therefore, the payee should not be deprived by an appeal to the district court. No reason is perceived why the contract between the parties should be affected by such appeal, and the interest thereby forfeited. Wells' Jur. § 100; *Raymond* v. *Strobel,* 24 Ill. 114; *Trego* v. *Lewis,* 58 Pa. St. 463; *Mitcheltree* v. *Sparks,* 1 Scam. 198; *Rives* v. *Kunler,* 27 Ill. 290; *Solomon* v. *Reese,* 34 Cal. 28.

From an examination of the facts and circumstances shown by the record in this case, we are of the opinion that the judgment rendered by the justice was in excess of his jurisdiction; that such excess, however, did not oust him of jurisdiction; that after a district court acquires jurisdiction, by appeal, from a justice of the peace, it may render judgment upon trial for any amount found due within the jurisdiction of the justice, and, in addition thereto, for the interest on such amount which has accumulated since the commencement of the action before the justice, and at the rate provided in the note or contract; and that the defendants are entitled to a new trial. The

cause is remanded and reversed, with directions to the court below to grant a new trial, and proceed in accordance herewith.

SMITH, J., concurs.

KING, J.: I concur in the opinion, except as to that portion restricting justices of the peace from giving judgment for accumulated interest, when the sum claimed was within their jurisdiction.