LARKIN EVANS, Appellant, v. W. F. MURPHY, Appellee.

**Justices of the peace: JURISDICTION: AMOUNT IN CONTROVERSY.** Suit for $99.99 with past due interest is a demand in excess of the jurisdiction of a justice of the peace, in the absence of a written agreement conferring jurisdiction.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

THURSDAY, MARCH 7, 1907.

SUIT to enjoin the enforcement of and to cancel a judgment rendered in the justice court of D. S. Barber, Esq., for the sum of $99.99, September 6, 1904, in favor of W. F. Murphy, executor, against Larkin Evans, on the grounds of fraud practiced by plaintiff in procuring it, and for that the original notice was not served, and, if served, demanded judgment for an amount in excess of the court's jurisdic-

.tion. The notice, properly addressed and duly signed, was in words following: "Sir: You are hereby notified that W. F. Murphy, executor of the estate of James Murphy, claims of you ninety-nine dollars and ninety-nine cents, justly due him on account of medical service rendered you and your family by said James Murphy. And unless you appear at the office of D. S. Barber, Esq., justice of the peace, in and for Iowa City township, Johnson county, Iowa, on the 6th day of September, A. D. 1904, at 9 o'clock a. m. and make defense to said claim, judgment will be rendered against you for the full amount with interest and costs. Given under my hand at Iowa City, Iowa, this 29th day of August, A. D. 1904." On hearing, the petition was dismissed, and plaintiff appeals.— *Reversed.*

*Milton Remley* and *George E. Remley,* for appellant.  ·

*Bailey & Murphy,* for appellee.

LADD, J.— In the absence of a written agreement conferring it, a justice of the peace is without jurisdiction where the amount in controversy exceeds $100. Section 1, article 2, Const. Iowa; section 4477, Code. The amount claimed, not that alleged to be due, or for which judgment is entered, is the criterion by which to determine whether the justice has jurisdiction. *Stone v. Murphy,* 2 Iowa, 35; *McVey v. Johnson,* 75 Iowa, 165. Pleadings in justice's court may be in writing or oral. If in writing the petition is controlling in fixing the amount claimed. *Moran v. Murphy,* 49 Iowa, 68. If oral, the original notice is decisive, and must in any event "state the amount for which plaintiff will take judgment, if the defendant fails to appear and answer at the time and place fixed." Section 4489, Code. If the amount so claimed exceeds the above sum the justice is without jurisdiction. *Gillett v. Richards,* 46 Iowa, 652. Nor is the extent of the excess material, a few cents being as effectual to

deprive the justice of the power to hear and determine as several dollars or several hundreds of dollars. *Galley v. Tama County,* 40 Iowa, 49. In that case the original notice was like the one now before us save one cent more was alleged to be due. The notice is not fully set out in the opinion, but as found in the abstract reads: "You are hereby notified that Henry Galley claims of you $100 as justly due him on a railroad donation warrant No. 57, and unless you appear before N. Fisher, a justice of the peace of Tama county, Iowa, in his office in Toledo, Iowa, on May 13, A. D. 1867, at 8 o'clock a. m., and make defense against said claim, judgment will be rendered against you for the whole amount, with interest and costs. May 7, 1867." The court held that as $100 and interest thereon for six days was demanded, the amount claimed exceeded $100 by such interest. Here the action was begun by the service of the original notice, if it was served at all, which we greatly doubt, on August 29, 1904, notifying defendant therein of the claim of $99.99 as justly due, and advising him that unless he appeared before the justice on September 6, 1904, and "make defense to said claim, judgment will be rendered against you for the full amount, with interest and costs." The claim, with interest for the eight days, amounted to more than that for which judgment was demanded in the Galley case, and, as this exceeded the justice's jurisdiction, he was without authority to entertain the suit.

Decree should have been entered as prayed.— *Reversed.*