## BUD HOARD CO. v. F. BERG & CO. et al.

No. 19037. Opinion Filed May 28, 1929.

Sigler & Jackson, for plaintiff in error.

Potterf, Gray & Poindexter, for defendants in error.

BENNETT, C. This is an appeal from the district court of Carter county, Okla. The parties occupy the same relative positions here, as plaintiff and defendant, as in the trial court, and they will be so referred to.

Plaintiff's petition, in substance, alleged that F. Berg & Company, as plaintiff, sued Bud Hoard Company, as defendant, before a justice of the peace in Carter county, Okla., on or about September 1, 1927, on an account for $200, and interest thereon from April, 1927, and promptly secured judgment for the amount sued for; that F. Berg & Company had caused an execution to be issued on said judgment and placed in the hands of a constable for the purpose of collection, and that, unless restrained, such execution would be levied upon the goods of plaintiff; that irreparable damage would be done him, and that plaintiff had no adequate remedy at law.

It was further alleged that said judgment was void for that the justice of the peace who rendered same was without jurisdiction for the reason that the amount claimed, sued for, and recovered in said justice court, was in excess of its jurisdiction.

On September 28th plaintiff herein applied to the district court in the action at bar for a temporary restraining order, and at that time the parties stipulated that about September 1, 1927, plaintiff, in justice court, sued for and recovered judgment on account for $200, with interest thereon at six per cent. from April, 1927.

November 29, 1927, the court entered an order granting a temporary injunction on behalf of plaintiff, restraining the execution of said judgment. On December 1, 1927, and without further proof, the court sustained defendant's motion to dissolve such temporary injunction, from which action plaintiff prosecutes this appeal.

Plaintiff assigns as error: (1) That the judgment of the court is not supported by the law. (2) Errors of law occurring at the trial to which the plaintiff excepted.

There is but one question for determination: Did the justice have jurisdiction in an action brought in September, 1927, on account for $200 and interest thereon at six per cent. from April, 1927, to render judgment for the amount claimed? The determination of this point requires the construction of section 18, article 7, of the Constitution of the state of Oklahoma, and the construction of section 897, C. O. S. 1921. The applicable part of such constitutional provision is as follows:

"The office of justice of the peace is hereby created, and, until otherwise provided by law, courts of justices of the peace shall have, co-extensive with the county, jurisdiction as examining and committing magistrates in all felony cases, and shall have jurisdiction, concurrent with the county court in civil cases, where the amount involved does not exceed $200, exclusive of interest and costs. * * *"

It will be observed that by the words of this constitutional provision jurisdiction was made to depend upon the **amount involved**, which must not exceed $200, **exclusive of interest and costs.** It should be conceded that the suit in controversy would fall within the plain terms of the constitutional provision if it were final and controlling; but it will be noted that this provision of the Constitution is not in terms necessarily final, and by its very words discloses that the jurisdiction of justice courts as therein defined should be effective only **until otherwise provided by** law. The word "until" is a word of limitation and presupposes that when the condition following such word shall become operative, that the precedent condition or status shall fall. In short, that when the jurisdiction of a justice court shall be changed by law, the constitutional limitation shall give way.

The construction of this clause, it seems to us, giving the words their ordinary meaning, is not difficult.

"The object of construction, as applied to a written Constitution, is to give effect to the intent of the people in adopting it. In the case of all written laws, it is the intent of the law-giver that is to be enforced. But this intent is to be found in the instrument itself. It is to be presumed that language has been employed with sufficient precision to convey it, and, unless examination demonstrates that the presumption does not hold good in the particular case, nothing will remain except to enforce it. 'Where a law is plain and unambiguous, whether it be expressed in general or limited terms, the Legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction.' (Citing U. S. v. Fisher, 2 Cranch, 358, 2 L. Ed. 304; Bosley v. Mattingly, 14 B. Mon. 89;

Sturgis v. Crowninshield, 4 Wheat. 122, 4 L. Ed. 529). Possible or even probable meaning, when one is plainly declared in the instrument itself, the courts are not at liberty to search for elsewhere. 'Whether we are considering an agreement between parties, a statute, or a Constitution, with a view to its interpretation, the thing which we are to seek is the thought which it expresses. To ascertain this, the first resort in all cases is to the natural signification of the words employed, in the order of grammatical arrangement in which the framers of the instrument have placed them. If, thus regarded, the words embody a definite meaning, which involves no absurdity and no contradiction between different parts of the same writing, then that meaning, apparent on the face of the instrument, is the one which alone we are at liberty to say was intended to be conveyed. In such a case there is no room for construction. That which the words declare is the meaning of the instrument, and neither courts nor Legislatures have a right to add to or take away from that meaning.' " Cooley's Constitutional Limitations (8th Ed.) vol. 1, pp. 124-7, and cases cited.

Nor is it strange that the power to finally determine the jurisdiction of the justice court should have been left to the Legislature, because it has been held that under section 36, art. 5, Oklahoma Constitution, the authority of the Legislature shall extend to all rightful subjects of legislation, etc. State ex rel. Short, Attorney General, v. Johnson, 90 Okla. 21-23, 215 Pac. 945. In fact, it may be stated generally that the state Legislature is not limited in its power to pass laws, except in so far as such power is limited either by the state or federal Constitution.

Revised Laws 1910, commonly known as the "Harris-Day Code," was adopted as a whole by chapter 75, page 116, Sess. L. 1913, which amended chapter 39, p. 70, Sess. L. 1910-11, and this the Legislature could do in virtue of section 57, art. 5, of the Constitution; and it was only necessary to read the act adopting the Code, and not the Code, to legally comply with section 34, art. 5, of the Constitution. There was adopted as a part of such Code, Rev. Stat. 1910, by the Legislature of Oklahoma, the section and its title brought forward in C. O. S. 1921, as section No. 897, entitled "jurisdictional amount," as follows:

"When the balance claimed to be due on any open or unsettled account, or on any bill, note, or bond, shall not exceed $200, the party by whom such balance shall be claimed may commence his action therefor, before the justice of the peace, who shall have power, and he is hereby authorized, to hear and determine the matters in controversy, without regard to the amount of the original account or contract, and he may render judgment for any balance found due, not exceeding $200."

This section brought forward in C. O. S. 1921, as a part of chapter 4, entitled "Procedure, Civil—Before Justice," and as part of article 1 of said chapter, which is entitled "Jurisdiction."

What is the force and effect of the adoption of this provision as a part of the Code? Quoting from the Supreme Court of Georgia in the case of Central of Georgia R. Co. v. State of Georgia, 104 Ga. 831, 31 S. E. 531:

"(2) The intention of the act of December 16, 1895, adopting the present Code, and making the same of force, as the Code of Georgia, is to enact into one statute all provisions embraced in that Code. * * *

"(5) The effect of this act is to make a part of the law of the state all new matter embodied in the Code of 1895, which could be constitutionally enacted by the Legislature. * * *

"Whenever the Legislature, therefore, employs such words as 'adopting a Code,' no other legitimate or reasonable construction can be given the language itself than an intention to enact and make of force as a statute every provision in the entire work; * * * the legislative purpose being to enact into law every provision contained in the Code, including such new matter as was introduced as well as such changes and modifications as were clearly made in existing laws."

There is quite a difference between a Code of laws for a state and a compilation in revised form of its statutes. The Code is broader in its scope and is more comprehensive in its purpose. Its general object is to embody as clearly as practicable all the laws of the state from whatever source derived. When properly adopted by the lawmaking power of a state, it has the same effect as one general act of the Legislature containing all the provisions embraced in the volume.

It will be observed that the criterion of jurisdiction in the last-named section is made to depend upon the balance claimed to be due upon any open or unsettled account, or on any bill, note, or bond, etc., and not the amount involved as provided in the constitutional provision above, and, moreover, the words "exclusive of interest and costs," used in the constitutional provision, are entirely omitted from the legislative provision just noted. From the annotations under this section in C. O. S. 1921, it appears that this section was taken from Kansas. Kan-

sas section 5230, Gen Stat. 1901, is as follows:

"When the balance claimed to be due on any open or unsettled account, or on any bill, note or bond, shall not exceed $300, the party by whom such balance shall be claimed may commence his action therefor before a justice of the peace, who shall have power, and he is hereby authorized to hear and determine, the matters in controversy without regard to the amount of the original account or contract, and he may render judgment for any balance found due, not exceeding $300."

This statute is identical with our own, save and except that the jurisdictional amount in our statute is $200, whereas the Kansas statute is $300, and in passing upon this statute, the Supreme Court of Kansas, in the case of Parker v. Dobson, 96 Pac. 472, in the opinion says:

"The amount claimed was within the jurisdiction of the justice when the action was commenced. This fact gave the court jurisdiction to adjudicate the controversy, even although the accumulation of interest while the action was pending increased the amount due the plaintiff to more than $300. But the judgment for any balance found to be due could not exceed $300. In some states, accruing interest is treated as a mere incident of the cause of action, and has no more effect upon jurisdiction than costs. But the carefully considered language of the statute quoted forbids that it be so interpreted."

In the case of Wagstaff v. Challiss (Kan.) 1 Pac. 631, the court, after quoting section 2 of the Justice Code, which provides, among other things, that justices of the peace shall have original jurisdiction of civil actions for the recovery of money only and to try and determine the same where the amount claimed does not exceed $300, and section 122, which provides, among other things, that a case appealed from a justice of the peace to the district court shall be tried de novo, etc., and section 116, which provides that either party may remit a part of his cause of action in order to bring it within the jurisdiction, says:

"From these provisions of the Justice's Code, it would appear that no cause of action, whether it be the foundation of a suit or a set-off in the action, is within the jurisdiction of a justice of the peace, unless 'the amount claimed' does not exceed $300.' It is the 'amount claimed' that fixes the jurisdiction of the justice of the peace. Justice's Code, par. 2. Either party, however, may set forth the whole of his cause of action as the foundation of a suit or as a set-off, in a justice's court, if he does not claim thereon more than $300. If it is the plaintiff who sets forth the cause of action, he must remit the excess over and above $300; but if it is the defendant who sets forth the cause of action as a set-off, he is not required to 'withhold setting the same off'; and he cannot make any claim therefor in his bill of particulars, or in any other manner, in the justice's court. If he should make a claim therefor, he would at once oust the justice of his jurisdiction to hear and determine such cause of action. And when the case is appealed to the district court, the district court takes the case just as it was when it was tried in the justice's court."

In the case of Ball v. Biggam et al. (Kan.) 23 Pac. 565, the court in the first paragraph of the syllabus says:

"The amount claimed in a plaintiff's bill of particulars fixes the jurisdiction of the justice of the peace, and if it be in excess of $300, the justice has no jurisdiction of the action."

The court says in the opinion:

"In this action the amount claimed over $300 was but a fraction of a dollar, but if we could extend it 60 cents, we might extend it $60. The language of the statute is imperative. It lays down an arbitrary rule. The line is drawn exactly at $300, and the courts have no authority to change or enlarge it."

The court in the case of Calloway et al. v. Byram, 95 Ind. 423, says:

"It is well settled that a justice of the peace cannot render a valid judgment for an amount beyond his jurisdiction. The rule is also well settled, in controverted cases, at least, that the amount demanded is the criterion upon the question of jurisdiction. State ex rel. v. Forry, 64 Ind. 260; Second Natl. Bank v. Hutton, 81 Ind. 101."

We have the exact question passed upon in Gregg v. Wooden, 7 Ind. 499. In that case a prior statute gave a justice jurisdiction if the demand, exclusive of interest, did not exceed $100. A code was subsequently adopted, and the applicable section thereof with respect to jurisdiction of the justice court omitted the words "exclusive of interest." The court held in a case arising since the adoption of the Code as follows:

"The civil jurisdiction of justices of the peace is governed wholly by statute; and they have none but what the statute confers," and "A justice of the peace, under the R. S. 1852, has no jurisdiction, if the debt or damages claimed at the commencement of the suit, including interest, exceed $100."

The court in the opinion says:

"In the present Code, the words 'exclusive of interest,' are omitted, and we cannot sup-

ply them without a departure from the plain letter of the statute. (Emphasis ours.)

"It is suggested in argument that interest may accumulate, after the commencement of a suit, so as to oust the jurisdiction of the justice, if this view prevails. If such were the case, it would not change the language. But we think it is not. The statute refers to the amount claimed at the time the action is commenced. Jurisdiction having once attached, it will not be defeated by a continuance of the cause, and the accumulations of interest pending the suit may be recovered."

In Brown v. Braun et al. (Ariz.) 80 Pac. 323, the first paragraph of the syllabus is as follows:

"Under Rev. St. U. S. sec. 1927, providing that justices of the peace in Arizona shall not have jurisdiction of any matter where the sum claimed exceeds $300, interest is included in the sum claimed, and hence, Rev. St. Ariz. 1901, par. 2047, giving justices jurisdiction in civil actions in which the amount involved, exclusive of interest and costs, does not exceed $300, is invalid in so far as it attempts to exclude interest from the amount in controversy."

In that case the United States statute provided that justices should not have jurisdiction where the sum claimed exceeded $300. A subsequent statute of that state attempted to confer jurisdiction upon justices in civil cases where the amount involved "exclusive of interest and costs, does not exceed $300." The court in the opinion said:

"Under this provision of the organic act, it is clear that 'the debt or sum claimed' includes interest as well as principal, where interest is allowed and sought to be recovered in the action. * * * To the extent that the statute attempts to exclude interest from the amount determining jurisdiction, it is in violation of that part of the organic act above quoted." Citing Quayle v. Glenn (Idaho) 57 Pac. 308, as authority.

Galley v. The County of Tama, 40 Iowa, 49, was an action on seven judgments obtained by plaintiff against defendant before a justice of the peace for $100 each and interest. Defendant attacked the jurisdiction. The court, after referring to Haven & Buck v. Baldwin, 5 Iowa, 503, Butcher v. Brand, 6 Iowa, 235, Lyon v. Byington, 10 Iowa, 124, and Anderson v. Kerr, Id. 233, said:

"The amount claimed is the criterion of jurisdiction. Stone v. Murphy, 2 Iowa, 37. The maximum limit of the jurisdiction of a justice of the peace, in the absence of consent, is $100. Rev. sec. 3850. Since, therefore, the claim sued for before the justice was in each case, in excess of $100, to the extent of the accruing interest, he had no

jurisdiction and the judgments are nullities."

In Cramer v. McDowell, 6 Colo. 369, a case before a justice is discussed wherein recovery by plaintiff included $4 interest which accrued before suit. The court said:

"The subject-matter of the action, therefore, exceeded the justice's jurisdiction; the whole proceedings were coram non judice, and the judgment was absolutely void. Tindall v. Meeker, 1 Seam. (Ill.) 137; Feillett v. Engler, 8 Cal. 76."

In the first paragraph of the syllabus in that case, the court said:

"The amount specified as the statutory limitation of the jurisdiction of a justice of the peace must be taken to be the amount due the plaintiff, or the value of the property sought to be recovered at the time of bringing the action."

In State ex rel. Egbert et al. v. Superior Court of King County et al. (Wash.) 37 Pac. 489, the first paragraph of the syllabus is as follows:

"Where a statute provides that a justice of the peace shall have jurisdiction in actions for the recovery of money where the amount 'claimed' does not exceed $100 (2 Hill's Code, sec. 23), the interest due and claimed on the principal is part of the amount 'claimed,' within the meaning of the statute."

That was a suit to recover $91 and interest thereon for such time as would make the whole $109. The court said:

"Did the justice's court have jurisdiction of the subject-matter upon the complaint filed, which was the foundation of the judgment from which the appeal was taken? This question must be decided upon the construction to be placed upon such complaint. It is claimed upon the part of the relators that the cause of action stated in the complaint arose upon a contract for the recovery of money only, and that the sum claimed was more than $100. On the other side, it is contended that since the principal sum was less than $100, and it was brought above that amount only by the claim for interest thereon, for the purposes of the statute giving jurisdiction to justices' courts, the sum claimed was less than $100. 2 Hill's Code, sec. 23. It is not contended but that if the sum claimed was for more than $100, within the meaning of such statute, the justice's court got no jurisdiction of the subject-matter by reason of the filing of such complaint. In our opinion, the claim for interest due upon the principal sum is as much a part of the sum claimed as is the principal itself. The interest, while not technically a part of the contract, is so connected with it that, when the claim is made therefor in a com-

plaint, it forms a part of the claim arising upon the contract. The claim, interest and all, is upon a contract for the recovery of money. A part of it is upon the contract which gave rise to the principal indebtedness, and the remainder is upon a contract, express or implied, for interest thereon. The statute upon the subject intended that justices of the peace should have jurisdiction in all matters of contract where the entire amount claimed by the plaintiff did not exceed the sum of $100, and it is nowhere made to appear therefrom, that, when a part of such claim is for interest, it could exceed such amount. In our opinion, then, the justice's court had no jurisdiction of the subject-matter."

In Henke v. Deemer (Neb.) 162 N. W. 510, plaintiff sought to recover for medical services in the sum of $197 with interest from the 3rd day of January, 1914. The court held that since the bill of particulars and summons each disclosed that the amount of the debt with interest from time it was claimed to the filing of the suit exceeded $200, the justice of the peace had no jurisdiction of the suit. Reference is made to Adams v. Nebraska Savings & Exchange Bank, 56 Neb. 121, 76 N. W. 421.

"Under B. & C. Comp. sec. 926, limiting the jurisdiction of justices' courts to actions for the recovery of money or damages where the **amount claimed** does not exceed $250, a justice's court has no jurisdiction to give interest antedating the judgment when the amount awarded is $250." Ferguson v. Reiger (Ore.) 73 Pac. 1040.

"Notice, claiming $99.99, with interest for eight days and costs, demands an amount in excess of the jurisdiction of a justice of the peace under Const. art. 11, sec. 1." Evans v. Murphy (Iowa) 110 N. W. 1025.

The court says in the opinion:

"If the amount so claimed exceeds the above sum ($100) the justice is without jurisdiction. Gillett v. Richards, 46 Iowa, 652. Nor is the extent of the excess material, a few cents being as effectual to deprive the justice of the power to hear and determine as several dollars or several hundreds of dollars."

That case refers with approval to the case of Galley v. Tama County, supra.

Quayle v. Glenn et al. (Idaho) 57 Pac. 308, is a case in which is discussed the converse of the identical question presented here. Section 1927, Rev. St. U. S., as found on page 38, Rev. Stat. Idaho, 1887, provides that justices of the peace "shall not have jurisdiction of any matter in controversy, where the debt or sum claimed exceeds

$300." Subsequently, the Constitution of the state of Idaho provided:

"Justices of the peace shall have such jurisdiction as may be conferred by law, but they shall not have jurisdiction of any cause wherein the value of the property or the amount in controversy exceeds the sum of $300, exclusive of interest," etc.

It was held that the last section did not extend the jurisdiction of justices of the peace to $300, exclusive of interest, and that the sum claimed including damages or principal and interest thereon cannot exceed the sum of $300. The court calls attention to the fact that certain legislation with reference to the jurisdiction of probate courts for said territory had used the words "exclusive of interest," but which words were omitted, however, in the legislation fixing the jurisdiction of justices of the peace, and indicated that if Congress had meant to exclude interest, appropriate words for that purpose would have been used. This argument is just as pertinent and potent in the case at bar.

Additional support for the position taken may be found in section 896, C. O. S. 1921, which brings forward section 5352, R. L. 1910 (Harris-Ray Code) and the cases following: Wilson v. Sparkman, 17 Fla. 871; Wheatley v. Oregon Short Line R. Co. (Utah) 162 Pac. 86; Machine Co. v. Marchant, 11 Utah, 68, 39 Pac. 483; Crabtree et al. v. Cliatt, 22 Ala. 181; Wharton et al. v. Thompson, Guardian, etc., 9 Yerg. 45; State ex rel. v. Forry, 64 Ind. 260; Second National Bank v. Hutton, 81 Ind. 101; Clifford v. Groseclose, 70 Okla. 151, 173 Pac. 654; Robinson v. Evans (Ark.) 199 S. W. 369.

Our attention is called to Hillery-Atkins Buick Co. v. Cox et al., 119 Okla. 75, 247 Pac. 1007, wherein a judgment for the plaintiff was rendered on a claim which matured 28 days before suit brought. The defendant claimed that since plaintiff was entitled to some interest in addition to the principal sum of $200, the justice court was without jurisdiction, but in that case the judgment was for $200 and no more. The plaintiff secured judgment for the exact amount he asked, and the case is not authority on the question at bar, except to the effect that the test of jurisdiction is the amount claimed.

We are cited, however, to the case of Rives et al. v. Ada Gas & Electric Co., 91 Okla. 275, 217 Pac. 447. That case, in effect, appears to be contrary to the holding which we make in the case at bar. Plaintiff sued on two claims, one for $173.18, with six per

cent. interest from February 1, 1918; another for $23.22, with six per cent. interest from September 1, 1918. There was a verdict of jury and a judgment thereon for $215.90. The court, sustaining jurisdiction, found that each separate count sued on was for less than $200, and reasoned that the jury could have returned a verdict on each count for a lump sum not exceeding, with interest, the amount sued for. Without deciding the point, it is sufficient perhaps to say that there is authority which tends to sustain such theory (35 C. J. page 522, par. 90), but there is authority to the contrary (Cunningham v. Moser et al., 9 Okla. 44, 215 Pac. 758).

It is clear from the opinion, as well as from the supporting briefs, that said cause was tried and briefed, and that the decision of the court was based solely upon the theory of the constitutional provision, supra, still being in force; overlooking the statute herein referred to, as it is not mentioned in the briefs or opinion, and we are convinced that the court did not have the same in mind. Since the opinion was predicated solely upon the constitutional provision, and since we hold herein that the case in hand is controlled by the statute, we should and do conclude that so much of the syllabus and holding of the court in the case of Rives et al. v. Ada Gas & Electric Co., supra, as is not reconcilable with the doctrine here announced is overruled.

Our investigation has disclosed a few cases which apparently support a view contrary to that announced in this opinion, but in practically every instance there will be found a supporting constitutional or statutory provision making such case inapplicable here as a persuasive precedent.

In conclusion, our statute cannot be in violation of the Constitution, since it specifically provides for the statutory change. It is not ambiguous if the words are accorded their ordinary interpretation. If, under the statute and our own decisions, plaintiff's claim is the test or jurisdictional criterion and not his right to recover, or even his right to claim, it would seem logical that the amount of the claim and not the nature of the claim would be the sole determinative factor. To hold that proper interest is no part of plaintiff's claim when he actually sues and secures judgment therefor with the consequent right to collect it can be supported only by reasoning that is too finespun for practical purposes, and the result would lead to the rather absurd conclusion that a litigant can secure in a court of justice a judgment for substantially more than he claims.

For the reasons given, we hold that the dissolving of the temporary injunction by the trial court was error. The cause is reversed, with instructions to the trial court to vacate his order dissolving said injunction and in lieu thereof to permanently enjoin the collection of said void judgment.

TEEHEE, DIFFENDAFFER, JEFFREY, and HERR, Commissioners, concur.

HALL, Commissioner, dissents.

By the Court: It is so ordered.

Note.—See under (1) 16 R. C. L. pp. 357, 358. See "Justices of the Peace," 35 C. J. §87, p. 520, n. 92. "Until," 39 Cyc. p. 841, n. 45.