(May 11, 1899.)

## QUAYLE v. GLENN.

[57 Pac. 308.]

JURISDICTION OF JUSTICES' COURTS.—Under the provisions of section 3851 of the Revised Statutes, justices' courts, in actions arising on contract for the recovery of money, only have jurisdiction where the sum claimed does not exceed the sum of $300. The sum claimed, including damages or principal and interest thereon, cannot exceed the sum of $300. Section 22, article 5, of the constitution of Idaho fixes the maximum beyond which the legislature cannot go in fixing such jurisdiction as to value of property claimed or amount in controversy.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

John A. Bagley, for Appellant.

The statement is the authority for the justice to enter judgment, and his sole authority. Any defects in it are jurisdic-

tional and fatal. Nothing can be presumed in favor of the jurisdiction of courts or magistrates having special or limited jurisdiction. The record should show that the judgment was within the limits of their jurisdiction. (*Henry v. Estes,* 127 Mass. 474; *Hendrick v. Whittemore,* 105 Mass. 23, 27; *Tucker v. Harris,* 13 Ga. 1, 58 Am. Dec. 488; *Palmer v. Oakley,* 2 Doug. (Mich.) 433, 47 Am. Dec. 41.)

Allen Miller and T. L. Glenn, for Respondents.

The justice had jurisdiction both of the subject matter of the action and of the person of the defendant, Quayle, and having jurisdiction, his judgment is not void. (*Chase v. Christenson,* 41 Cal. 253; *Moore v. Martin,* 38 Cal. 428; *Sweet v. Ward,* 43 Kan. 695, 23 Pac. 941.)

SULLIVAN, J.—This suit was brought to perpetually enjoin the enforcement of a judgment entered in a justice's court against appellant for the sum of $401.80 damages. The complaint in said court prayed for judgment for the sum of $291.35 principal, and interest claimed to be due thereon, amounting to $110.45, making a total demand of $401.80, all of which appears from the judgment-roll. The question as to the jurisdiction of the justice of the peace to enter judgment was not raised in the court below, but it is a question that may be raised at any time. In deciding this question, we have examined the laws of Congress pertaining to the creation of Idaho territory, and acts amendatory thereof, and we find that section 1927 of the Revised Statutes of the United States, as found on page 38 of the Revised Statutes of Idaho of 1887, provides that justices of the peace "shall not have jurisdiction of any matter in controversy where the debt or sum claimed exceeds three hundred dollars." The legislature of the then territory of Idaho, in defining the jurisdiction of justices of the peace, uses substantially the same language used in said act of Congress. It is provided, among other things, in section 3851 of the Revised Statutes that the jurisdiction of a justice's court shall extend to actions arising on contract for the recovery of money only where the sum claimed does not exceed the sum of $300. The

$300 includes the interest, if any be due, as well as the principal debt sued for. The acts of Congress relating to Idaho territory, commonly known as the "Organic Act," was the supreme law of Idaho at the time of the adoption of the Revised Statutes of Idaho (1887), and the legislature, in adopting said section 3851, merely re-enacted the provisions of said organic act so far as the point under consideration is concerned. Had Congress or the legislature intended to exclude the interest due on claims sued for, apt words to that effect would have been used, as was done in fixing the jurisdiction of probate courts. Section 1907 of the Revised Statutes of the United States (see page 36 of the Revised Statutes of Idaho, 1887), authorized probate courts of Idaho territory as follows: "To hear and determine all civil causes wherein the damage or debt claimed does not exceed the sum of $500, exclusive of interest." And the legislature of Idaho territory, in section 3841 of the Revised Statutes of Idaho, used substantially the same words in fixing the jurisdiction of probate courts. The words "exclusive of interest" are used in fixing the jurisdiction of probate courts, while in fixing the jurisdiction of justices' courts those words are not used. Had Congress or the legislature intended to exclude interest when fixing the jurisdiction of the last-named courts, the words "exclusive of interest" would have been used, as was done in fixing the jurisdiction of probate courts. It has been suggested that section 22 of article 5 of the constitution of Idaho, adopted in 1890, extends the jurisdiction of justices of the peace to $300 "exclusive of interest." Said section provides as follows: "Justices of the peace shall have such jurisdiction as may be conferred by law, but they shall not have jurisdiction of any cause wherein the value of the property or the amount in controversy exceeds the sum of $300, exclusive of interest, nor where the boundaries or title to any real property shall be called in question." That section does not extend the jurisdiction of justices of the peace to the sum of $300 exclusive of interest. It is, however, a limitation on the legislature, and prohibits the fixing of said jurisdiction beyond the sum of $300 exclusive of interest. It declares that

---

---

justices of the peace shall have such jurisdiction as may be conferred by law, not exceeding $300 exclusive of interest. The provisions of said section 3851 of the Revised Statutes of Idaho of 1887 was continued in force by the provisions of section 2, article 21 of the constitution of Idaho, as its provisions are not repugnant to any of the provisions of the constitution. As the justice of the peace did not have jurisdiction to enter the judgment sought to be enjoined, it is absolutely void, and for that reason the judgment appealed from must be reversed, and the cause remanded, with instructions to set aside the same, and to enter judgment as prayed for by appellant in his complaint, perpetually enjoining the enforcement of said judgment entered by said justice of the peace. As the question of the jurisdiction of said justice of the peace to enter said judgment was not raised in the court below, it is ordered that each party pay his own costs on this appeal.

Huston, C. J., and Quarles, J., concur.