[Civil No. 890.   Filed March 30, 1905.]

[80 Pac. 323.]

M. J. BROWN, Defendant and Appellant, v. F. W. BRAUN, and L. N. BRUNSWIG, Copartners, doing business under the firm name and style of F. W. Braun & Co., Plaintiffs and Appellees.

1. JURISDICTION—JUSTICES OF THE PEACE—AMOUNT IN CONTROVERSY—INTEREST—REV. STATS. U. S., SEC. 1927, CONSTRUED—REV. STATS. ARIZ. 1901, PAR. 2047, PARTIALLY INVALID.—Paragraph 2047, *supra*, attempting to confer jurisdiction upon justices in civil actions in which the amount involved, "exclusive of interest and costs, does not exceed three hundred dollars," is invalid, to the extent that it attempts to exclude interest from the amount determining jurisdiction, being in violation of section 1927, *supra*, providing that "Justices of the peace in the territories of Colorado and Arizona shall not have jurisdiction of any matter in controversy where the debt or sum claimed exceeds three hundred dollars."

2. SAME — SAME — SAME — SAME — SAME—REMITTITUR.—Under section 1927, *supra*, limiting the jurisdiction of justices of the peace to controversies wherein the debt or sum claimed does not exceed three hundred dollars, the plaintiff may at the time of filing his suit, limit his demand where the debt exceeds three hundred dollars to that amount by expressly remitting the excess in his complaint.

3. SAME — SAME — SAME — SAME — SAME — SAME.—If the claim sued upon in justice court is for more than three hundred dollars, the plaintiff cannot remit after suit filed so as to bring his demand within the jurisdictional limit.

4. SAME—SAME—APPEAL—JURISDICTION OF DISTRICT COURT.—The jurisdiction of the district court in a case appealed from a justice court is limited by the jurisdiction of the lower court.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Fletcher M. Doan, Judge. Reversed.

The facts are stated in the opinion.

G. H. Neale, for Appellant.

W. P. Miller, Jr., for Appellees.

SLOAN, J.—The appellees brought suit in the justice court, precinct No. 2, Cochise County, to recover upon a promissory note dated August 15, 1896, due six months after date, in the sum of $253.58, bearing interest at the rate of ten per cent per annum, compounded. The demand was for the principal and interest due on the note and an attorney's fee specified in the note to be paid in case suit was brought thereon. The defendant appeared, and moved to dismiss the complaint for want of jurisdiction in the justice court, in that the debt or sum claimed exceeded three hundred dollars. The justice court granted the motion and dismissed the suit. The appellees thereupon appealed to the district court. The appellees filed an amended complaint in the latter court, which contained, practically, the same averments as the original complaint, and the same demand. The appellant moved to dismiss the case in the district court on the ground that the justice had no jurisdiction in the case. This motion was denied. A trial was had, and upon the appellees' offer to remit and credit the sum of $237.67, part of the interest due on the note, and the attorney's fee, the court rendered judgment for the appellees in the sum of two hundred and ninety-nine dollars and costs. The court found, among other things, "that no opportunity was offered the plaintiffs in said justice court to be heard upon the question of the jurisdiction of the said court, and that the plaintiffs had no opportunity in said justice court to remit and credit any part of the sum claimed by them in this action to be due from the defendant." From this judgment the appellant has brought his appeal.

Two questions are presented: 1. Whether the amount involved in the action was in excess of the jurisdiction of the justice of the peace; 2. If in excess of the jurisdiction of the justice of the peace, could the plaintiff in the action remit

any excess of the amount due over three hundred dollars, so as to confer jurisdiction upon the district court to enter judgment for that amount? Section 1927 of the Revised Statutes of the United States reads: "Justices of the peace in the territories of Colorado and Arizona shall not have jurisdiction of any matter in controversy where the debt or sum claimed exceeds $300." Under this provision of the Organic Act it is clear that "the debt or sum claimed" includes interest as well as principal, where interest is allowed and sought to be recovered in the action. Section 2047 of the Revised Statutes of Arizona of 1901 attempts to confer jurisdiction upon justices in civil actions in which the amount involved, "exclusive of interest and costs, does not exceed $300." To the extent that the statute attempts to exclude interest from the amount determining jurisdiction it is in violation of that part of the Organic Act above quoted. *Quayle* v. *Glenn* (Idaho), 57 Pac. 308. The sum claimed in the justice court in this case clearly exceeded three hundred dollars, and was therefore not a matter in controversy in which the justice court had jurisdiction.

We have no doubt but that a plaintiff in the justice court may, at the time of bringing his suit, limit his demand, where the debt exceeds three hundred dollars, to that amount, by expressly remitting the excess in his complaint. We do not think, however, that he may do this after the suit has been instituted, or after an appeal has been taken to the district court. Jurisdiction depends upon the demand which the plaintiff makes in the justice court at the time suit is brought. It is not the amount of the judgment, but the sum sued for, that determines the jurisdiction; for, if the demand exceeds three hundred dollars, the court does not acquire jurisdiction of the subject-matter, and has no power, therefore, to enter any valid order in the case, except to dismiss the action. The court would have no power to permit a *remittitur,* for in doing so it would assume a jurisdiction which it did not possess, to the same extent and as fully as if it assumed to enter judgment for an amount within the jurisdiction of the justice court. The district court, in so far as the justice court is concerned, is an appellate court, and does not have original jurisdiction in any action brought originally in the justice court and appealed. In determining, therefore, the jurisdic-

tion of the district court over the subject-matter of the action, we look exclusively to the jurisdiction of the justice court. Under our view of the Organic Act, that the *remittitur*, to be effective in conferring jurisdiction, must be made at the time of the institution of the suit, and not afterwards, the recital in the findings that the appellees had no opportunity in the justice court to remit any part of the sum claimed by them becomes immaterial.

We think the district court erred in entering judgment in this case, and the case will be remanded, with instructions to the district court to dismiss the action.

KENT, C. J., and DAVIS, J., concur.