# CHRISTOPHER C. DUNN

*vs.*

## EDWIN M. WILMER AND THOMAS F. McNULTY, SHERIFF.

*Equitable jurisdiction: relief at law; failure to take advantage of—. Justices of the peace: void judgments.*

Where a party has a good defense at law and neglects to avail himself of it in a proper way and time, or if he suffers judgment against him by neglect, he can have no relief in equity, unless the Court where the judgment was rendered had jurisdiction of the subject-matter or of the parties.          p. 498

In actions *ex contractu* it is not the amount claimed, but the amount for which judgment is rendered, that is the test of jurisdiction.          pp. 498-499

Interest is recoverable as of right upon contracts in writing to pay money upon a day certain.          p. 499

A justice of the peace has no jurisdiction in a suit on a promissory note with interest where the principal of the note and interest exceeds $100.          p. 499

Where the amount of a note with interest would exceed the justice's jurisdiction, it is not cured by entering up judgment for the amount of the note with interest from date.          p. 499

Where a judgment is a mere nullity, because of a total want of jurisdiction in the Court where it was rendered, it confers no right on the party who obtained it, and may be enjoined in equity.          p. 500

*Decided December 12th, 1917.*

Appeal from the Circuit Court of Baltimore City. (STUMP, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS and URNER, JJ.

*Benjamin L. Freeny* (with whom was *Morrill N. Packard* on the brief), for the appellant.

*David Ash,* for the appellees.

THOMAS, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court of Baltimore City dismissing the bill of complaint of the appellant, which was filed for the purpose of having two magistrates' judgments, recovered against him by Edwin M. Wilmer, one of the appellees, declared void and the execution thereof enjoined.

The bill alleges that the appellant was indebted to Edwin M. Wilmer "in about the sum of fifty dollars," on a promissory note in favor of Wilmer, and that on the 24th day of April, 1894, Wilmer recovered a judgment against him on said note before Peter Targarona, a justice of the peace of Baltimore City, for $58.38, with interest from date, and $1.50 costs, and that this judgment was the only debt the appellant owed Wilmer at that time and that he has never been indebted to him in any other amount since. The third and fourth paragraphs of the bill are as follows:

"Third. That said judgment expired by the limitation of twelve years on April 24th, 1906, yet notwithstanding the defendant sought to revive the same by *scire facias* before Justice Randolph R. Warfield with the apparent result that on March 3rd, 1906, a judgment was entered by said Justice Warfield against your complainant in favor of the defendant for $91.40 debt with interest from January 11th, 1894, until paid, and costs of $1.70 paid by the plaintiff, as will more fully appear by reference to a certified copy of the Docket Entries therein, herewith filed and marked as Com-

plainant's Exhibit No. 2 and prayed to be taken as part hereof; and also the defendant sought to revive said judgment by *scire facias* before Justice David H. Lucchesi with the apparent result that on July 27th, 1906, a judgment was entered by Justice Lucchesi against your complainant in favor of the defendant for $59.88 with interest from April 24th, 1894, and $2.50 costs, as will more fully appear by reference to a certified copy of the Docket Entries therein, herewith filed and marked Complainant's Exhibit No. 3, and prayed to be taken as a part hereof; and that the defendant has recorded the said two judgments with the Clerk of the Superior Court of Baltimore City among the Magistrates Judgments, the one for $91.40 in Liber No. 69, folio 498, and the other for $59.88 in Liber No. 69, folio 502, etc."

"Fourth. That said judgment against your complainant for $59.88 entered on July 27th, 1906, is null and void and of no effect because the same was not obtained in accordance with Article 52, section 54 of the Public General Laws of Maryland (Bagby's Code) in that more than thirty days elapsed between the issuing of the summons and the return thereof; that said judgment against your complainant for $91.40, entered on March 3rd, 1906, was in fact obtained after the original judgment as aforesaid had expired by limitations, and was entered as of a prior date by Justice Warfield at the solicitation and request of the defendant so as to be inside the time limit and therefore revivable; and that the entering up of the said two judgments on *scire facias* proceedings upon the one original judgment was done fraudulently by the defendant with the intent of securing from your complainant a greater sum of money than was due him, and that the judgment of $91.40 entered against your complainant by Justice Warfield in favor of the defendant herein was done fraudulently and in collusion between the said Justice Warfield and the defendant herein for the purpose of reviving a judgment which

had expired by limitations by entering the proceedings for the same on the said Justice's docket at a date prior to the real institution for the fraudulent purpose of bringing them within the time limit of the twelve years in which a judgment may be revived."

The bill then avers that on the 7th of June, 1916, Wilmer caused a writ of *fi. fa.* to be issued out of the Superior Court of Baltimore City on the judgment for $91.40 with interest from January 11th, 1894, and $1.70 costs, and that in the execution of the said writ the sheriff of Baltimore City had levied upon the appellant's interest in the property known as No. 970 N. Collington avenue, in Baltimore City, and was about to advertise the same for sale.

The evidence shows that in April, 1906, a *scire facias* was issued to revive the judgment for $58.38; that the writ was made known to the appellant, or, as stated in the docket entries, the defendant was "summoned"; that the case was continued at the request of the defendant, who appeared by counsel, and that a judgment of *fiat executio* was entered on the 27th day of July, 1906, by David H. Lucchesi, Justice of the Peace, and was recorded in the Superior Court of Baltimore City on January 12th, 1916.

It further appears from the evidence that on the 10th day of February, 1906, Wilmer brought suit against the appellant before Randolph R. Warfield, a Justice of the Peace of Baltimore City, on the following single bill, or a copy thereof, endorsed by Thomas W. F. Jordan:

"$91.40.                    Baltimore, Md., Jany. 12th, 1894.
    Thirty days after date I promise to pay to the order of Thomas W. F. Jordan, ninety-one dollars and forty cents at
            Value received with interest from date.
No.                      Due Feby. 11.
                            C. C. DUNN (Seal)";

that the defendant was returned summoned and that the plaintiff, on the 3rd of March, 1906, recovered a judgment

thereon against the appellant for "ninety-one dollars and forty cents ($91.40) debt with interest from 11th day of January, 1894, until paid and one dollar and seventy cents costs, $1.70 costs paid by plaintiff," and that said judgment was recorded in the Superior Court of Baltimore City on the 11th day of January, 1916.

The learned Court below dismissed the bill on the ground that the appellant, the defendant in said judgments, having been summoned, he had ample opportunity to correct any error in said judgments by an appeal, and that having failed to avail himself of that remedy he had no standing in a Court of Equity to obtain the relief sought. We entirely concur in that conclusion so far as the judgment for $58.38, which was revived by the judgment of *fiat executio,* is concerned. In the case of *McCormick* v. *McCormick,* 104 Md. 325, this Court said: "Assuming that the judgment had been originally obtained by the fraud of Brown's agent, Smith, which averment is denied by the answer, it appears by Exhibit 4 filed with the petition that the writ of *scire facias* was made known to him, and that he was thus made acquainted with the terms of the judgment, and if the judgment had been improperly entered, as he now contends, he had ample opportunity, and it was his duty to have appeared and made defense. Having neglected to avail himself of any rights, or defenses he may have had to the judgment, he can not ask a Court of Equity to relieve him against the consequences of his own negligence. 'It is perfectly well settled, that if a party has a good defense at law, and neglects to avail himself of it there, in the proper way, and at the proper time, or if he suffers judgment to go against him by neglect, he can have no relief in a Court of Equity.'" See also *Gorsuch* v. *Thomas,* 57 Md. 339.

In reference to the judgment dated March 3rd, 1906, for $91.40 with interest from January 11th, 1894, and costs, we think a very different rule applies. Section 6 of Article 52 of the Code limits the jurisdiction of justices of the peace in actions *ex contractu* to cases where the amount recovered does

not exceed one hundred dollars, and in the case of *Reese* v. *Hawks*, 63 Md. 131, the Court said: "Before considering what jurisdiction the Constitution confers upon the Court of Common Pleas, it is pertinent to state that the plaintiff could not have maintained a suit for the principal and interest of his claim before a justice of the peace. It is well settled that the test of jurisdiction in actions *ex contractu* is not the amount claimed, but the amount recovered. It is also well settled that interest 'is recoverable as of right, upon contracts in writing to pay money upon a day certain, as upon bills of exchange, promissory notes.' *City Pass. R. R. Co.* v. *Sewell*, 37 Md. 452. As the plaintiff was therefore entitled to recover the interest accrued upon the principal of his claim, as well as the principal itself, the amount of his judgment, if obtained, would have been in excess of the jurisdiction of the justice of the peace, which by the statute and judicial construction is limited to $100. As a judgment where the principal of the debt is not over $100 but the amount recoverable exceeds that sum by reason of interest, can not be rendered by a magistrate, the right of recovery on a debt of this nature must be conferred on some other tribunal"; etc. As the single bill on which the suit was brought was for $91.40, with interest from January 12th, 1894, the principal and interest which Wilmer was entitled to recover exceeded $100.00. The magistrate was therefore without jurisdiction in the case, and this want of jurisdiction could not be cured by rendering a judgment contrary to the provision of section 35, Article 52 of the Code, for the principal of the debt, with interest from the date of the single bill. In the case of *Smith Premier Co.* v. *Westcott*, 112 Md. 146, where this Court cited the cases in which the Court "decided that the proper remedy to obtain relief from judgments rendered by justices of the peace on the ground that they had not jurisdiction to enter them was by appeal," the Court said that it did not mean to hold that equity could not have relieved against a judgment where there was no summons and no waiver of it before the justice. In the later case of *Horner* v. *Popplein*, 112 Md. 591, JUDGE

URNER, speaking for this Court, said: "As was said by the Court in *Hanley* v. *Donoghue*, 59 Md. 243: 'It is essential to the validity of a judgment *in personam* that the Court should have jurisdiction over the parties and if rendered without such jurisdiction it is a mere nullity.' There can be no question and none has been raised, as to the jurisdiction of a Court of Equity to restrain the execution of judgments thus rendered." In the still later case of *Pettit* v. *Wicomico Co.*, 123 Md. 128, this Court, speaking through JUDGE BURKE, said: "It is a perfectly well settled principle of law that where the proceedings of a Court are collaterally attacked, and it appears on their face that the subject matter and the parties were within the jurisdiction of the Court, they are not impeachable for mere errors or irregularities that may be apparent. Such errors and irregularities must be corrected by some direct proceeding either in the same Court to set them aside or on appeal. If, however, there be a total want of jurisdiction either of the parties or the subject matter, the proceedings are void and can confer no right, and will be rejected, though the objection to them be taken in a collateral proceeding." The judgment we are now considering was a mere nullity because of a total want of jurisdiction in the justice of the peace of the subject matter of the suit, and conferred no right upon the party who obtained it. This want of jurisdiction was disclosed on the face of the judgment, and while the judgment may have been reversed on appeal, the defendant had a right to treat it as a nullity, without losing his right to have enjoined any attempt to enforce it. It follows that the plaintiff was entitled to the relief prayed in his bill as to this judgment, and we must therefore reverse the decree and remand the case in order that a decree may be passed in accordance with this opinion.

> *Decree reversed and case remanded in order that a decree may be passed in conformity with this opinion, the costs to be paid by Edwin M. Wilmer, appellee.*