(No. 6888.    May 23, 1941.)

LESLIE J. AKER, Appellant, v. MRS. DELILA GORBY SILBAUGH, otherwise known as "Mrs. C. E. Silbaugh," individually and as Trustee of the Estate of D. W. Gorby, Deceased, and GORBY ESTATE, INCORPORATED, a corporation, Respondents, and E. H. DICKENSON, MRS. E. E. BARKER, H. H. MURRAY and TOM R. MONZEN, Garnishee-Respondents.

[113 Pac. (2d) 814.]

540

Leslie J. Aker, for Appellant.

E. H. Anderson, for Respondents.

GIVENS, J.—Respondent moves to dismiss the appeal because the transcript herein was prepared by appellant appearing propria persona, not by the clerk of the district court, (though there is one clerk's certificate attached to said transcript and another subsequently filed) hence not in accordance with Section 11-215, I. C. A., and Rule 25 of this court.

Rule 28 of this court makes the clerk of the district court responsible for the proper preparation of the transcript. Rule 26 requires strict compliance with the rules for the preparation of the transcript, which is the essence of the record on appeal, and herein there has been no official compliance.

The transcript does not contain all the papers which the trial judge certified he used in passing on the appeal as required by Sections 11-212, 11-213, I. C. A., and Rule 23 of this court. This lack is vital because the question of

progressive parties (undesignated in the titles because of the omission as to the amended summons) is a controlling element in the controversy.

Appellant presents no authority or justification for failure to comply with the statute or rules.

While there are good and cogent reasons why the clerk of the court, as required by the statute and rules, and not the attorneys or other unauthorized persons should prepare the transcript, we will dispose of the case by passing on the merits rather than the motion to dismiss.

Appellant, in the justice court for Boise precinct, Ada County, July 3, 1940, sued Mrs. Delila Gorby Silbaugh, then sole defendant, resident of Oregon, for $200 with interest at 8 per cent thereon from April 9, 1932, to July 31, 1940, as a compromise claim for legal and professional services as attorney and tax expert.

Summons was personally served the same day in Glenns Ferry, Elmore County, requiring her appearance by August 21st. The return of the constable, August 3rd, recited service on Mrs. Silbaugh both individually and "as Trustee and President of the D. W. Gorby Estate, Incorporated." The quoted part of the return is a nullity. (*Frank Adam Electric Co. v. Witman*, (Ga.) 85 S. E. 819; *Fleishner v. Sacks*, 140 N. Y. S. 409.) August 12th appellant applied for leave to amend the pleadings by adding Mrs. Silbaugh "individually and as Trustee and President of the D. W. Gorby Estate, Incorporated," and an amended complaint was filed August 23, containing such addition as to parties and waiving all claim in excess of $300.

The amended title as such of any paper, pleading or process, is not set forth in the transcript.

Order for publication of summons was made August 1st. The only compliance was by registered mail to Mrs. Silbaugh August 1st and 23rd, hence insufficient. (I. C. A., secs. 5-508, 5-509; *Mills v. Smiley*, 9 Ida. 325, 76 Pac. 786; *Portland Cattle Loan Co. v. Gemmell*, 41 Ida. 756, 242 Pac. 798.)

When the original summons was served personally on Mrs. Silbaugh and when the order for publication was made, the court did not have jurisdiction of subject-

matter of the suit. Subsequent amendments without ensuing legal initial service of summons was unavailing as acquiring jurisdiction of respondents. (Const., art. 5, sec. 22; I. C. A., sec. 1-1403, subsec. 1; *Quayle v. Glenn,* 6 Ida. 549, 57 Pac. 308; *Idaho Trust Co. v. Miller,* 16 Ida. 308, 312, 102 Pac. 360; *Jones v. Porter,* 23 Ind. 66; 47 C. J. 143, sec. 264.) The process issued and served was void and no jurisdiction of any party was thereby acquired. (*O'Neill v. Potvin,* 13 Ida. 721, 93 Pac. 20; *Ball v. Hagy,* (Tex.) 54 S. W. 915; *Jochem v. Cooley,* 176 Fed. 719; *Wheatley v. Oregon Short Line R. Co.,* (Ut.) 162 Pac. 86; *McQuade v. O'Neil,* (Mass.) 77 Am. Dec. 350; *Brown v. Braun,* (Ariz.) 80 Pac. 323; *Ferguson v. Byers,* (Ore.) 67 Pac. 1115; *Dunn v. Wilmer,* (Md.) 102 Atl. 763; *Mansson v. Nostrand,* 170 N. Y. S. 285; *City and County of San Francisco v. Hartnett,* (Cal.) 82 Pac. 1064, 1066; *International G.N.R. Co. v. Flory,* (Tex.) 118 S. W. 1116; *Seaboard Air Line R. Co. v. Ray,* (Fla.) 42 So. 714; 15 C. J. 777, sec. 73.)

Mrs. Silbaugh's sole appearance was special and for the particular and exclusive purpose of objecting to the jurisdiction of the court and later acceptance by her attorney as a mere formal courtesy, of papers from appellant was not an appearance special or general. (I. C. A., sec. 12-504; *Washington County Land & Development Co. v. Weiser National Bank,* 26 Ida. 717, 146 Pac. 116; *Domer v. Stone,* 27 Ida. 279, 149 Pac. 505.)

The justice therefore properly dismissed the action and the district court was correct in his affirmance thereof.

Judgment affirmed.

Budge, C. J., and Morgan, Holden and Ailshie, JJ., concur.