# WHEATLEY v. OREGON SHORT LINE R. CO.

No. 3019.   Decided Dec. 21, 1916 (162 Pac. 86).

1. DAMAGES—TORT—INTEREST.   In case of tort to personal property, where the damage is complete and the amount of the loss fixed as of a particular time, interest on the loss from the destruction of or injury to the property is allowable as a part of the damages.[1]   (Page 107.)

2. PLEADING—COMPLAINT—PRAYER.   A prayer inconsistent with or beyond the facts stated in the body of the complaint is unavailing, and is no part of the statement of facts required to constitute a cause of action and no part of the complaint, except as it may be looked to to aid an ambiguous complaint. (Page 108.)

3. DAMAGES—PLEADING—INTEREST.   Where interest is a legal consequence of an obligation or demand without stipulation, it may be recovered, though not claimed in the pleading.[1]   (Page 108.)

4. JUSTICES OF THE PEACE—JURISDICTION—AMOUNT—INTEREST.  In an action against a railroad for negligently killing four head of cattle of the total value of $290, where such amount, with the interest accruing from the day of the injury, exceeded $300, the maximum of the justice court's jurisdiction under Comp. Laws 1907, Section 688, the justice was without jurisdiction to hear or adjudicate the case.[2]   (Page 108.)

5. JUSTICES OF THE PEACE—APPEAL—JURISDICTION OF THE COURT BELOW.   Where a justice of the peace was without jurisdiction to hear or adjudicate, in an action for damages to stock, in excess of the maximum of $300 fixed by Comp. Laws 1907, Section 688, the district court, on appeal, was without jurisdiction.   (Page 108.)

6. JUSTICES OF THE PEACE—JURISDICTION—AMOUNT—WAIVER OF EXCESS.   The sum claimed in the complaint determines the jurisdiction of the justice's court under Comp. Laws 1907, Section 688, so that, where the claim with interest attaching as a part of the damages exceeded $300, the jurisdictional amount, plaintiff could not, before judgment therein, waive all damages and interest in excess of $299.   (Page 110.)

---

[1] *Fell* v. *U. P. Ry. Co.,* 32 Utah 101, 88 Pac. 1003, 28 L. R. A. (N. S.) 1, 13 Ann. Cas. 1137.

[2] *Machine Co.* v. *Marchant,* 11 Utah 68, 39 Pac. 483.

Action by E. C. Wheatley against the Oregon Short Line Railroad Company.

From a judgment of the district court affirming, except as to interest, a judgment of the justice's court in favor of the plaintiff, defendant brings certiorari.

Proceedings and judgment annulled.

*W. E. Davis* for plaintiff.

*G. H. Smith* and *A. B. Robertson* for defendant.

STRAUP, C. J.

This is a proceeding on certiorari involving the jurisdiction of a justice's court. Wheatley, the plaintiff, brought an action in that court against the defendant, the Oregon Short Line Railroad Company, to recover damages for negligently killing live stock. In the complaint before the justice it is alleged that through the defendant's negligence in the operation of its cars four head of plaintiff's cattle, "of the total value of $290," were killed "on the 11th day of December, 1915, to the damage of plaintiff in the sum of $290. Wherefore plaintiff demands judgment against defendant for the sum of $290, and interest thereon at the rate of eight per cent. per annum from the 11th day of December, 1915, and for costs of suit." The summons issued and served demanded damages and interest in accordance with the prayer of the complaint. The action was commenced on the 23d of June, 1916.

Our statute (C. L. 1907, Section 688) fixing the civil jurisdiction of justices' courts provides that a justice shall have jurisdiction "in actions for damages, * * * for injury to personal property, * * * if the damages claimed be less than $300." The justice heard the case, and in August, 1916, rendered a judgment in favor of the plaintiff "in the sum of $290, with interest at eight per cent. since December 11, 1915, and costs of court." On an appeal to the district court a judgment was there rendered on the 28th of October, 1916, in favor of the plaintiff for "the sum of $290 with in-

terest at the rate of eight per cent. per annum from the date hereof (October 28, 1916), and costs."

Thereupon these preceedings on certiorari were instituted to inquire into the court's jurisdiction, it, in such particular, being alleged that the amount of damages claimed in the justice's court exceeded $300, and since the justice, for that reason, had not jurisdiction of the cause, the district court acquired none on the appeal. If interest, even from the destruction of the cattle to the filing of the complaint before the justice, be allowed and added to the alleged value of the cattle, the "damages claimed," and as prayed for in the complaint, exceeded the sum of $300. The judgment which the justice rendered included that interest, as well as accumulated interest after the filing of the complaint, which when added to the value of the cattle made the judgment in excess of $300. But the judgment which the district court rendered on the appeal did not allow any interest on the loss or any interest prior to the rendition of the judgment in the district court, and hence was less than $300.

The plaintiff, to support his judgment and the court's jurisdiction, maintains several propositions. He first contends that, since the demand sounded in tort and was unliquidated, he was not legally entitled to interest; hence his prayer for interest is nugatory, and that part of the justice's judgment awarding interest but erroneous and in excess of the complaint, which could be corrected on appeal, as was done, by the rendition of a judgment for a sum within the jurisdiction of the justice. But in the case of *Fell* v. *U. P. Ry. Co.*, 32 Utah 101, 88 Pac. 1003, 28 L. R. A. (N. S.) 1, 13 Ann. Cas. 1137, we held that, in case of tort to personal property where the damage is complete and the amount of the loss fixed as of a particular time, interest on the loss from the destruction of or injury to the property is allowable as a part of the damages. So, the plaintiff was legally entitled to interest from the destruction of his cattle just as prayed for in his complaint; and, as already observed, that interest, at the legal rate, from the destruction of the cattle, December 11, 1915, to the filing of

the complaint before the justice, June 23, 1916, when added to the alleged value of the cattle, exceeded the sum of $300.

The plaintiff, however, further contends that since he did not allege nor claim interest in the body, but only demanded interest in the prayer, of his complaint, and since a prayer is no part of a complaint and goes only to the **2, 3** relief or request for judgment, which relief or request cannot go beyond the body of the complaint itself, he, though legally entitled to interest, yet had not sufficiently averred it to be awarded it; and for that reason the justice, in awarding interest, exceeded the proper demand of the complaint, which constituted mere error not affecting jurisdiction. It may be conceded that a prayer which is inconsistent with, or beyond, the facts stated in the body of the complaint, is unavailing, and that a prayer for relief is no portion of the statement of facts required to constitute a cause of action, and, in such sense, is no part of the complaint, except as it may be looked to, as it sometimes is, to aid an ambiguous complaint. But these elementary principles do not help the plaintiff, for, on authority of *Fell* v. *U. P. Ry. Co., supra,* interest on the demand sued on, though a tort, was a legal consequence of the alleged loss and demand, and thus the case falls within the rule that where interest is a legal consequence of an obligation or demand without stipulation it may be recovered, though not claimed in pleading. 11 Ency. Pl. & Pr. 435; 22 Cyc. 1547. Hence plaintiff's prayer for interest was consistent with, and wholly within, and not without, his complaint. He was entitled to pray for it, as he did, as a legal consequence of the alleged loss and demand and as a part of his damages. We are not now concerned with the question whether he would have been entitled to interest had he not prayed for it, for here the plaintiff demanded it in the prayer of his complaint. Thus the plaintiff, by his complaint, at the time it was filed, "claimed damages" for injury to personal property in excess of $300.

It further is contended that, though the plaintiff in his complaint claimed damages in excess of the jurisdictional sum, and though the justice rendered and entered a judgment in accordance therewith, nevertheless, on **4, 5**

authority of *Machine Co.* v. *Marchant*, 11 Utah 68, 39 Pac. 483, the district court was authorized to render a judgment, as it did, which was within the jurisdiction of the justice. But we think that case does not support the plaintiff. There "the sum claimed" in the complaint on a promissory note, including principal, interest and attorney's fees, when filed before the justice, was for the sum of $278, a sum less than the jurisdictional sum. But the justice, when he heard the case, allowed accrued interest subsequent to the filing of the complaint, and by so including it rendered a judgment for $444. On appeal to the district court a judgment was rendered for only $299. The territorial Supreme Court held that, when the complaint, was filed before the justice, the amount then claimed was within the justice's jurisdiction, and that the justice thus had jurisdiction of the cause; but that he was not authorized to enter a judgment "in excess of the statute" ($300), the court in such respect holding that, while the district court on the appeal could have entered judgment for accumulated interest subsequent to the filing of the complaint in the justice's court, though the total amount of principal and interest exceeded $300, yet the justice could not do that, and thus held that the excess beyond $300, which the justice rendered, was mere error not affecting jurisdiction. The court said:

"The 'sum claimed' is the test of the justice's jurisdiction in such cases, and it may be any sum less than $300. The amount therefore claimed in the plaintiff's complaint determines the jurisdiction of the justice, and when jurisdiction has once attached it will not be ousted by the rendition of an erroneous judgment. * * * When a justice of the peace has jurisdiction of a cause, and erroneously renders judgment in excess of his jurisdiction, such judgment may be corrected by proper proceeding before such justice, or, on appeal to the district court, it may render a proper judgment (citing cases). In the case at bar the justice erred in rendering judgment in excess of the amount authorized by statute. This was caused by including within said judgment the interest on the notes which accumulated after suit was brought. Such error did not oust the justice of juris-

diction, because the jurisdiction was determined by the amount claimed in the complaint, and the defendant had an adequate remedy by motion or appeal.''

Whatever may be thought of the result there reached—vacating the judgment of the district court and granting a new trial on the defendant's appeal—the case, nevertheless, does not make for the plaintiff; for, adopting the rule there announced, that the amount claimed in the complaint determines the jurisdiction, the plaintiff here, in his complaint at the time it was filed, unlike the complaint there, claimed damages as has been seen, in excess of $300. That excess was not due to accumulated interest, after the filing of the complaint, but to claimed interest from the injury to the filing of the complaint; and, since the claimed damages included interest due and which was demanded when the complaint was filed exceeded $300, the justice was without jurisdiction to hear or adjudicate the cause, and so, likewise, was the district court on the appeal.

Still a further point is urged. In the return it is averred, and at this hearing was offered to be shown aliunde the justice's record, that the plaintiff, before judgment in the justice's court, waived all damages and interest in excess of $299. Undoubtedly, the plaintiff could have made such waiver; but he could not, for several reasons, make it in such manner as was attempted. He was required to make it in his complaint, for it is the sum therein claimed which determines jurisdiction. We again are not concerned whether the complaint before the justice's court could have been amended so as to make such waiver, for confessedly no such amendment was attempted.

Thus, on a review of the proceedings, are we, for the reasons stated, of the opinion that neither the justice nor the district court had jurisdiction of the cause, and therefore must all the proceedings had therein and the judgment rendered in virtue thereof be annulled. Such is the order, with costs.

FRICK and McCARTY, JJ., concur.