[Crim. No. 1476. First Appellate District, Division Two.—August 8, 1928.]

THE PEOPLE, Respondent, v. FRANK GUIDO, Appellant.

Gilman & Harnden for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant, charging him with having violated the provisions of chapter 277, Statutes of 1927— the unlawful possession of a still intended for the manufacture of intoxicating liquor for beverage purposes. The defendant was tried before the trial court sitting with a jury. The jury returned a verdict against the defendant and from a judgment entered thereon the defendant has appealed.

In his brief the defendant calls to our attention that his premises were searched by the peace officers and that they took from his possession numerous parts of a still and a quantity of distilled liquor and that the officers did not have a search-warrant authorizing them to do or perform any of said acts. Before the trial the defendant made a motion to suppress, but the motion was denied. He cites and relies on the doctrine as stated in *Boyd* v. *United States*, 116 U. S. 616 [29 L. Ed. 746, 6 Sup. Ct. Rep. 524, see, also, Rose's U. S. Notes], and in his brief he has made an exhaustive presentation of the doctrine stated in that case. However, his reasoning is not convincing. The doctrine of that case has never been adopted in this state. The law in this state is settled by the ruling in *People* v. *Mayen*, 188 Cal. 237 [24 A. L. R. 1383, 205 Pac. 435], and the cases there cited. In the Mayen case the court said it would not attempt to review the ruling on such a motion because said ruling was a collateral matter to the appeal before it— an appeal from a judgment of conviction of grand larceny. It is patent that the ruling complained of is, in the last analysis, almost wholly immaterial. The gravamen of the defendant's complaint is that the articles taken by an unlawful means were offered in evidence against him. But if his motion to restore had been granted, nevertheless under the ruling of the Mayen case he could, and doubtlessly would have been, confronted by the testimony of the witnesses who saw the articles, and, in all probability, by photographs of

the articles. It is clear, therefore, that the denial of the defendant's motion would have been of negligible benefit to him. We are unable to say that the ruling was error and we are unable to say that it was prejudicial to the rights of the defendant.

Claiming that the plaintiff was bound to prove that the defendant had a still for the manufacture of liquor and that the plaintiff was also bound to prove that such liquor was *intended for beverage purposes,* the defendant made a motion that the trial court direct a verdict in his favor. The motion was denied. There was no error in the ruling. True it is that there was no direct evidence as to what use the defendant intended to make of the liquor after it had been distilled, but there was an abundance of indirect evidence from which the jury might infer or presume that the liquor was intended for beverage purposes.

Presenting the same contention, the defendant tendered seven different instructions which the trial court refused to give. He earnestly contends the court erred. We think he is mistaken. Assuming that each and every one of the instructions was a correct statement of the law, a complete answer to the defendant's point is that the trial court instructed fully and completely on the same subject matter by giving certain instructions which were so clear and so pointed that the jury could not have been uninformed.

Finally, it is claimed that chapter 277, Statutes of 1927, is unconstitutional. The defendant makes the following argument. The Volstead Act (27 U. S. C. A.) penalizes the possession of a still for manufacturing intoxicating liquor for beverage purposes. The Wright Act (Stats. 1921, p. 79), adopted as the law of this state the penal provisions of the Volstead Act. The Wright Act was adopted by the people after a referendum duly had. The act of 1927 purports to amend the Wright Act and, the defendant argues, that an act adopted by a referendum may be amended only by a referendum. The error in this reasoning rests in the concluding portion. By section 1 of article IV of the constitution, it is provided that an act adopted by the people under the referendum provisions of the constitution may be amended by the legislature at any subsequent sessions thereof. It follows that the contention that the statute is unconstitutional has not been sustained.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 4, 1928.

Seawell, J., and Langdon, J., dissented.