[Crim. No. 1853. Second Appellate District, Division One.—September 27, 1929.]

THE PEOPLE, Respondent, v. RAY HUNTSMAN, Appellant.

8

Newton J. Kendall and A. Wm. Christlieb for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

HAHN, J., *pro tem.*—Defendant appeals from a judgment of conviction upon an information filed by the district attorney of Los Angeles County, charging him with the crime of "possession of a still," and from an order denying his motion for a new trial of the action. In urging a reversal of the judgment, appellant presents the following grounds:

1. That the evidence is insufficient to support the verdict.

2. Errors committed by the court in connection with certain rulings made during the trial.

3. Errors committed by the court in the giving of certain instructions to the jury.

4. That Act 3795 (Stats. 1927, p. 497), known as the "Still Act," is unconstitutional.

It is undisputed that the officers who arrested the defendant found a complete still at No. 4234 Los Nietos Drive, but defendant denies any knowledge of the existence of the still or that he was in any way responsible for its maintenance, although he admits that he is the owner of the property where the still was found.

The evidence bearing upon the disputed question is mainly circumstantial, and while the evidence of the state

connecting the defendant with the still is not as strong as in most cases that come before us for review, we are of the opinion that there is sufficient evidence to justify the inference necessarily involved in the verdict, that the defendant either owned or had some interest in maintaining the still. To recite and review the evidence in detail would extend this opinion to an unwarranted length. We feel that it will meet the requirements of the case to simply indicate that, in our opinion, appellant's contention that the evidence fails to support the verdict is not well taken.

In connection with the second point, appellant contends that the court erred in overruling his objection to the questions asked by the prosecuting attorney of the witness R. F. Ogburn, who was a clerk in the employ of the Southern California Gas Company. These questions called for and elicited evidence as to the amount of gas consumed from September, 1927, to February, 1928, upon the premises where the still was found. Also, the witness, over the objection of appellant, was permitted to testify that the account with the Gas Company stood in the name of J. B. O'Malley. There was evidence that the defendant had acquired the property in question in the name of O'Malley. In fact, he so admitted in his own testimony. We are of the opinion that the testimony objected to was properly admitted, in that it tended to meet the issue raised as to the ownership and occupation of the premises where the still was found.

It is also contended that the court erred in admitting the testimony of Officer Shoemaker, a witness for the state, as to what he found in the house at No. 1128 Point View Street, and also this witness' testimony as to a conversation he had with the defendant at the same place. In this testimony Officer Shoemaker related how the officers had gone to the house at 1128 Point View Street, which was some distance from the property on Los Nietos Drive, where the still was found, and there found the defendant in company with a woman engaged in filtering some moonshine whisky that was running from a gallon keg into a larger barrel. When the officers knocked at the door of the house on Point View Street, defendant himself admitted them, and in response to their inquiry as to whether or not they could get any liquor, defendant replied that they could and stated

that he was in the bootlegging business. The officers then upon further investigation found two books containing lists of names of persons with their addresses, telephone numbers, and in a number of instances memoranda of accounts. These books, the defendant stated, contained lists of names of his customers.

All of these matters were pertinent to the issue of the connection of the defendant with the maintenance of the still in question. The defendant admitted ownership of the premises where the still was found and which the evidence clearly showed was maintained primarily as a plant for the unlawful manufacture of liquor. Any evidence of the possession of a large quantity of moonshine whisky, or that defendant was in the bootlegging business, would be pertinent to the inquiry as to his connection with or interest in the still in question.

Appellant's third point relates to two instructions given by the court to the jury in the giving of which appellant claims the court committed prejudicial error. The following are the instructions referred to:

1. "If you believe beyond a reasonable doubt that the defendant committed the acts alleged in the information himself, or aided and abetted in its commission, or, not being present, has advised and encouraged its commission, you will find the defendant guilty as charged."

2. "You are further instructed that possession may be of two kinds: actual and constructive. Actual possession exists when a person has the actual control or dominion over a thing and constructive possession exists when a person has the right to possession or control, either individually or through an agent. An agent's possession is the possession of the owner. If two or more persons are engaged in unlawfully operating or possessing a still or apparatus for the manufacture of intoxicating liquor, then the possession, control or ownership of one of the persons so engaged constitutes possession, ownership and control for each and all of any such persons."

It is not claimed by appellant that these instructions erroneously state the law on the subjects therein referred to, but that there is no evidence in the case that warrants the giving of these instructions. There is no merit in this contention. Defendant and appellant was not apprehended in

the house with the still. There is evidence in the case that other persons than the defendant occupied the premises during the period of the defendant's admitted ownership of the house. And there was sufficient evidence to warrant the inference that the defendant, although not seen in the house with the still, had some interest in or connection with the still, and that the persons who were occupying the house during this period were doing so as the agents or representatives of the defendant. This evidence very clearly justified the instructions complained of.

The last contention of appellant constitutes an attack upon the constitutionality of Act No. 3795, Deering's Gen. Laws Supp. 1925–1927 (Stats. 1927, p. 497), commonly known as the "Still Act." In support of this contention it is argued that inasmuch as the Wright Act makes it a misdemeanor punishable by a fine not to exceed five hundred dollars to possess property designed to manufacture liquor in violation of law, and the fact that the Still Act makes it a felony to possess a still, there are two statutes covering the same offense with different penalties; that the Still Act cannot be treated as an amendment to the Wright Act, because in its adoption the provisions of article IV, section 24, of the Constitution were not followed, and the Wright Act having been approved at a referendum is not subject to repeal by legislative enactment; therefore the Still Act must be held invalid because of its conflict with the Wright Act. In discussing this point appellant cites in his brief the cases of *People* v. *Wood*, 88 Cal. App. 621 [264 Pac. 298], and *People* v. *Guido*, 93 Cal. App. 478 [269 Pac. 670], wherein the same point was raised and discussed. However, the court in both of these cases sustained the constitutionality of the Still Act, and we are in entire accord with the conclusions of the court in these cases on that point.

In view of the fact that the subject was quite fully discussed in the opinions of the cases above cited, we do not deem it necessary to again cover the same ground.

Having concluded that there is no merit in the points raised by appellant, the judgment and order denying defendant's motion for a new trial are affirmed.

Houser, Acting P. J., and York, J., concurred.