**UINTA PIPELINE CORPORATION, a Utah Corporation, Plaintiff and Respondent,**

v.

**WHITE SUPERIOR COMPANY, a corporation, et al., Defendants and Appellants.**

No. 13950.

Supreme Court of Utah.
March 3, 1976.

Rex J. Hanson, Hanson, Wadsworth & Russon, Salt Lake City, for defendants and appellants.

Harold G. Christensen, Worsley, Snow & Christensen, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant Ken R. White Company appeals to this court from a verdict and judgment in favor of the plaintiff. The plaintiff cross appeals for prejudgment interest on the award which the trial court denied.

The appellant is a professional engineering firm and was retained by the plaintiff to provide for the installation of an engine driven single-stage compressor in connection with a gas well. The compressor was

a reciprocating piston engine enclosed in a cylinder and fueled by natural gas.

The compressor is needed in order to raise the pressure of the gas from the well sufficiently high to permit it to enter the pipeline of the purchaser thereof.

Ahead of the compressor is a verticle metal tank used to collect and separate moisture from the natural gas. It is necessary to drain water from this metal tank occasionally and the appellant designated a large valve weighing approximately 12 pounds to be attached to the bottom of the tank. The tank had a female threaded opening while the valve had a female threaded opening of a different diameter. It was therefore necessary to attach the valve to the tank by means of swage nipple of some two inches in length.

Subsequently it was necessary to convert the compressor to a two-stage operation in order to increase the pressure due to a falling of pressure from the gas well. A new valve was installed, but the defendant's witness testified that there was no difference in the operation or safety of the new valve over the old one. It, too, was as heavy as the first one and was attached by a swage nipple.

After seven days operation a fire occurred which completely destroyed the compressor station.

The plaintiff sued claiming that the attaching of an unsupported heavy valve to the tank by means of the swage nipple was negligent and that the vibrations set up by the two-stage operation caused the threads of the swage nipple to fail and that escaping natural gas under pressure caused an explosion and fire which completely destroyed the compressor stage.

The appellant contends that there was no metal fatigue, but that an explosion occurred which caused the threads of the swage valve to rupture.

There was conflicting evidence given as to whether the designating of a heavy valve on a two inch stem was according to good engineering practice. The defendant's witnesses testified that it was good engineering practice to designate a heavy valve, while the witnesses for the plaintiff testified to the contrary unless the heavy valve had some sort of support or bracing attached to it.

■ The jury had the prerogative to believe any witnesses which they chose to believe and where there is competent evidence to support their verdict (as there is in this case) we are not permitted to substitute our belief for theirs.[1]

■ The defendant recognizes the rule that appellate courts do not reverse law cases on facts fairly found by the jury; but it claims that the trial court should have given its requested instructions to the effect that if it found that the use of a heavy drain valve on a swage nipple was an accepted engineering practice, then an engineer who followed that procedure could not be held to be negligent.

The instruction was properly refused for the reason that the evidence before the court and jury was that such a connection was acceptable engineering practice when the heavy valve was braced or otherwise supported and there was no testimony that a heavy drain valve unsupported on a swage nipple was acceptable in the engineering profession.

Other instructions given by the court to the jury amply set forth the law involved in the case.

The issue to be decided by the jury was not whether it was improper engineering procedure to install heavy drain valves, but rather whether it was negligence to do so without support.

1. *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176; *De Vas v. Noble*, 13 Utah 2d 133, 369 P.2d 290.

We think the verdict rendered by the jury was justified and that there was no reversible error in the instructions given.

 The respondent cross-appeals because of the refusal of the trial court to allow interest on the amount awarded prior to the date of judgment. The trial court specifically instructed the jury not to include anything by way of interest in the verdict.

The law is set forth generally in the preface to an annotation in 96 A.L.R. at page 18 as follows:

> While the rule is sometimes stated that interest cannot be recovered on unliquidated damages, the tendency of the more modern cases is to allow interest whenever justice and equity require allowance, and, although there is a conflict in the decisions, the rule may be stated generally that for injury to, or detention, loss, or destruction of, property, interest may be recovered either eo nomine on the damages found, or as a part of the damages.

Utah has held that prejudgment interest is allowable for the destruction or damage to personal property. The landmark case is that of *Fell v. Union Pacific Ry. Co.*[2] In that case the defendant delayed a shipment of sheep for 32 hours without food or water. Many of the animals died and all suffered a great loss in weight. This court said:

> . . . [T]he rule has become general, and that the allowance of interest in cases of torts to property is in harmony with the trend of modern authority. It is quite true that there are cases against this rule, but they are not, as we conceive, based on either good reason or good logic. . . . In the class of cases, therefore, where the damage is complete, and the amount of the loss is fixed as of a particular time, there is—there can be—no reason why interest should

be withheld merely because the damages are unliquidated. There are certain cases of unliquidated damages where interest cannot be allowed. In all personal injury cases, cases of death by wrongful act, libel, slander, false imprisonment, malicious prosecution, assault and battery, and all cases where the damages are incomplete and are peculiarly within the province of the jury to assess at the time of the trial, no interest is permissible. But this is so because the damages are continuing and may even reach beyond the time of trial.

This case has been followed in Utah many times: *Railroad v. Board of Education,* 35 Utah 13, 99 P. 263 (1909), was a condemnation case. Interest was allowed from date of taking. In *Wheatley v. Oregon Short Line R. Co.,* 49 Utah 105, 162 P. 86 (1916), four head of cattle were killed. The action was in the justice of the peace court for the value of the cattle plus interest from date of killing. The total amount exceeded the jurisdiction of the justice court. Plaintiff argued that interest could not be recovered before judgment. This court held to the contrary and held that the demand of the complaint was beyond the jurisdiction of the justice court. *St. Joseph Stock Yards Co. v. Love,* 57 Utah 450, 195 P. 305 (1921), was an action for wrongful attachment. Prejudgment interest was allowed. *Gillespie v. Blood,* 81 Utah 306, 17 P.2d 822 ((1932), was an action to recover two bonds or the value thereof. It was held that interest began to run from the time of the fraudulent taking of the bonds.

There can be no question about the propriety of allowing interest for the destruction of personal property prior to judgment where value can be measured by facts and figures. In the instant matter the cost of rebuilding the compressor stage was subject to computation. Therefore it was error for the court to fail to award interest from the time of destruction.

2. 32 Utah 101, 88 P. 1003 (1907).

The judgment is affirmed except as to the matter of interest and is remanded with directions to increase the amount of judgment by the amount of interest accrued from date of damage to date of judgment calculated at the legal rate.

Costs are awarded to respondent.

CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., does not participate herein.